**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HILDA CALDERON, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| PERSONNEL STAFFING GROUP, LLC d/b/a MVP, MVP WORKFORCE, LLC and SEGERDAHL GRAPHICS, INC. | ) ) ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Hilda Calderon, on behalf of herself and all other persons similarly situated, known and unknown, for her Complaint against Personnel Staffing Group, LLC d/b/a MVP ("MVP"), MVP Workforce, LLC ("Workforce") and Segerdahl Graphics, Inc. ("Segerdahl") (collectively "Defendants"), states as follows:

## I.  NATURE OF THE CASE

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") and the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq*. ("IDTLSA") for: 1) Defendants' failure to pay Plaintiff and other similarly situated employees at least the federally and/or Illinois-mandated minimum wages for all time worked in violation of the FLSA, the IMWL and the IDTLSA; 2) Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees in violation of the FLSA, the IMWL and the IDTLSA; 3) Defendants' failure to pay Plaintiff and other similarly situated employees all earned wages at the rate agreed to by the parties in violation of the IWPCA and the IDTLSA; 4) Defendants MVP and Workforce's failure

1

to compensate Plaintiff and similarly situated employees for a minimum of four hours pay at the agreed upon rate when a day or temporary laborer was contracted to work for a third party client company and was utilized for less than four hours in violation of the IDTLSA; 5) Defendants MVP and Workforce's failure to provide Plaintiff and other similarly situated employees with an accurate Employment Notices as required by the IDTLSA; 7) Defendant Segerdahl's failure to maintain and remit to its staffing agencies an accurate record of "hours worked" by Plaintiff and similarly situated temporary laborers as required by the IDTLSA and 9) retaliatory acts against Plaintiff after asserting her rights in violation of the FLSA and the IDTLSA. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. 29 U.S.C. §216(b). Plaintiff's consents to represent are attached hereto as Exhibit A. For claims arising under the IMWL, the IWPCA and the IDTLSA, Plaintiff will seek to certify these claims as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## II.      JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Plaintiff brings her class claims pursuant to Fed. R. Civ. P. Rule 23.

3.      Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiff's claims occurred in this judicial district and as Defendants maintained offices and transacted business within this jurisdiction.

## III.      PARTIES

4.      Plaintiff has:

    a.      resided in and is domiciled in within this judicial district in Illinois;

    b.      handled goods that have moved in interstate commerce;

    c.      been an "employee" of Defendants MVP and Workforce in Illinois as that

term is defined by the FLSA, IMWL and IWPCA;

d.    been employed by Defendants MVP and Workforce as a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820 ILCS 175/5; and

e.    worked as a "laborer" on behalf of Defendants MVP and Workforce's at third party client companies, including Sergerdahl, within this judicial district in Illinois.

## A.    Defendants

5.    At all relevant times, Defendant Segerdahl has:

a.    been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

b.    contracted temporary laborers through staffing agencies for a fee, including Defendants MVP and Workforce's, pursuant to contracts between itself and the staffing agencies;

c.    been a "third party client company" as defined by the IDTLSA, 820 ILCS 175/5;

d.    been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

e.    had two or more employees who have handled goods which have moved in interstate commerce;

6.    At all relevant times, Defendant MVP has:

a.    been a corporation organized under the laws of the state of Florida and been located in and conducted business within this judicial district;

b.    been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients, including Segerdahl, pursuant to contracts between itself and third party clients;

c.    been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5; and

d.    been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section

3

3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

e. had two or more employees who have handled goods which have moved in interstate commerce;

f. been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*; and

g. has operated as a single enterprise with Workforce as a unified operation with common control.

7. At all relevant times, Defendant Workforce has:

a. been a corporation organized under the laws of the state of Delaware and been located in and conducted business within this judicial district;

b. been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients, including Segerdahl, pursuant to contracts between itself and third party clients;

c. been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5; and

d. been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

e. had two or more employees who have handled goods which have moved in interstate commerce;

f. been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*; and

g. has operated as a single enterprise with MVP as a unified operation with common control.

## IV. FACTUAL BACKGROUND

8. Defendants MVP and Workforce are temporary staffing agencies which specialize in providing laborers to third party client companies, such as Segerdahl.

4

9.      Plaintiff and other similarly situated laborers were hired by Defendants MVP and Workforce and contracted to work at third party client companies within this judicial district, including Segerdahl, and regularly handled goods that moved in interstate commerce.

10.     The agreement Plaintiff and other similarly situated laborers had with Defendants MVP and Workforce was to be compensated at an agreed-upon rate for all time spent at each third party client company unless otherwise specified in a written "Employment Notice."

11.     Plaintiff and other similarly situated laborers employed by Defendants MVP and Workforce were contracted by Defendants to work at the third party client company, Segerdahl, but are regularly required to appear at least 15 or more minutes early at the company before they were permitted to begin working and, thus, were "engaged to be waiting."

12.     On the occasions described in paragraph 11, *supra*, Plaintiff and other similarly situated employees of Defendants were not compensated until they actually began working for the third party client company and, thus, were not compensated for the time they were engaged to be waiting Defendants MVP and Workforce.

13.     As a result of not being compensated by Defendants MVP and Workforce for time they were "engaged to be waiting" before their shift, Plaintiff's and other similarly situated employees' of Defendants compensation often fell below the federal and Illinois minimum wages.

14.     In many work weeks, some or all of the uncompensated time when Plaintiff and other similarly situated laborers of Defendants were "engaged to be waiting" was in excess of forty (40) hours in an individual work week and was not compensated at time and one half of the laborer's regular rate of pay.

15.     MVP and Workforce have operated as a single enterprise in that the two companies have unified operations and/or common control.

16.     MVP and Workforce have unified operations in that, *inter alia*, they:

      a.      both are in the business of providing temporary laborers, for a fee, to companies to supplement that company's workforce;

b. both assign laborers to work directly from the other's dispatch office;

c. both are assigning laborers to work to the client companies of the other;

d. both are transporting laborers from the other's companies together in vans or busses owned and operated by MVP;

e. both share Dispatcher staff and interchange them between offices, even while on the payroll of the other; and

f. both share other human resources, such as payroll functions.

17. MVP and Workforce have common control in that, *inter alia*:

a. They share a corporate offices;

b. They have ownership and management personnel in common. For example, the Managing Partner of Workforce is the Chief Operating Officer ("COO") of MVP and signs on checks; and

c. the Managing Partner of Workforce and COO of MVP is David Barnett, the cousin of the Managing Partner of MVP, Daniel Barnett;

18. Plaintiff and other similarly situated employees have been assigned to work for MVP and Workforce, even though assigned only out of MVP's offices, for more than forty hours in a single work week, but have been paid on multiple checks by MVP and Workforce without receiving overtime wages for time worked in excess of forty hours. See, for example, Exhibit B, attached hereto, showing Plaintiff Calderon's paychecks for the pay period of 10/28/13 – 11/3/13 and for pay period 11/4/13 – 11/10/13 showing she worked in excess of forty (40) hours in the same work week while being assigned only out of MVP's office and received a paycheck from both MVP and Workforce which did not include overtime wages for hours exceeding 40 hours in the same work week.

19. On some occasions, Plaintiff and other similarly situated employees of Defendants were contracted to work but were not utilized for a minimum of four (4) hours or were not utilized at all by the third party client company, including Segerdahl.

6

20. On occasions described in paragraph 19, *supra*, Plaintiff and other similarly situated employees of Defendants MVP and Workforce were not compensated for a minimum of four (4) hours at their regular rate of pay.

21. During the course of their employment with Defendants MVP and Workforce, Defendants MVP and Workforce failed to provide Plaintiff or other similarly situated employees with an "Employment Notice" at the time of dispatch and/or at other times required by the IDTLSA in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

      a.      the name of the day or temporary laborer;

      b.      the name and nature of the work to be performed;

      c.      the wages offered;

      d.      the name and address of the destination of each day and temporary laborer;

      e.      terms of transportation; and

      f.      whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

22. In the three years prior to Plaintiff's filing this lawsuit, Segerdahl has failed to maintain and remit to with staffing agencies with which it contracts, including Defendants MVP and Workforce, an accurate record of "hours worked" of Plaintiff and other similarly situated temporary laborers at its stores as required by Sections 12(a)(2) and 12(b) of the IDTLSA.

23. Defendants' failure to provide Plaintiff and the class with the required Notices has denied Plaintiff and the class they seek to represent with certain information related to their employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers. The Illinois legislature found that such at-risk workers are particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours

worked, minimum wage and overtime violations, and unlawful deduction from pay for meals, transportation, equipment and other items. 820 ILCS 175/2.

24.     In addition, as the end beneficiary of the labor provided by Defendants MVP and Workforce laborers,  Segerdahl shares liability for the violations committed by Defendants MVP and Workforce, as a "third party client company" as defined by the IDTLSA.

25.     Plaintiff Calderon has cooperated with an investigation by the US Department of Labor of potential wage and hour violations.

26.     On information and belief, the US Department of Labor contacted MVP and Workforce and identified Ms. Calderon as a witness.

27.     As a result of Ms. Calderon's cooperation with a US Department of Labor investigation, Defendants MVP and Workforce have retaliated against Ms. Calderon by reducing the number of assignments she receives each week, resulting in a reduction in her income.

### V.     CLASS ACTION ALLEGATIONS

28.     Plaintiff will seek to certify as class actions pursuant to FRCP Rule 23 their state law claims for Illinois-mandated minimum wages (Counts III and IV) and overtime wages (Counts V and VI) arising under the IMWL and the IDTLSA; for earned wages (Counts VII and VIII) arising under the IWPCA and the IDTLSA; for 4 hour minimum pay (Count IX) arising under the IDTLSA; and for notice violations (Counts X - XI) arising under the IDTLSA. Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

29.     Counts III through X and XIII through XV are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

> a.     the class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have employed thousands of persons as day or temporary laborers in Illinois during the IMWL, IWPCA and IDTLSA Class Periods;

b.     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

(i)     Whether Defendants MVP and Workforce failed to pay Plaintiff and the Class the Illinois-mandated minimum wage for all time worked in individual work weeks during the IMWL Class Period;

(ii)     Whether Defendant Defendants MVP and Workforce failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

(iii)     Whether Defendants MVP and Workforce failed to pay Plaintiff and the Class for all time worked in individual work weeks at the rate agreed to by the Parties during the IWPCA Class Period;

(iv)     Whether Defendants MVP and Workforce failed to compensate Plaintiff and the Class a minimum of four (4) hours pay at the agreed upon rate on days when a day or temporary laborer was contracted to work but was not utilized for at least four (4) hours by a third party client company as required by 820 ILCS 175/30(g);

(v)     Whether Defendant Segerdahl is liable for Defendants MVP and Workforce's failure to pay all earned wages including minimum wages and overtime wages to Plaintiff and the Class pursuant to 820 ICLS 175/85.

(vi)     Whether Defendants MVP and Workforce failed to provide Plaintiff and the Class with proper Employment Notices as required by 820 ILCS 175/10;

(vii)     Whether Defendant Segerdahl failed to maintain and remit an accurate record of "hours worked" to the staffing agencies it contracts with, including Defendants MVP and Workforce, as required by 820 ILCS 175/12(a)(2) and 12(b).

c.     The class representatives and the members of the class have been equally affected by Defendants MVP and Workforce's failure to pay Illinois minimum wages, overtime wages and other earned wages and failure to provide proper notices;

d.     Given the nature of the temporary staffing industry and retaliatory actions taken against named Plaintiff, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

e.     The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are

able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court.

30.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

31.     The Class Plaintiff seeks to represent in regard to her Illinois law claims is composed of and defined as all persons who have been employed by Defendants MVP and Workforce from October 28, 2005, up through and including the date of judgment.

**COUNT I**
**Violation of the FLSA – Minimum Wages**
***Plaintiff and a class as to Defendants MVP and Workforce***
***Section 216(b) Collective Action***

Plaintiff incorporates and re-alleges paragraphs 1 through 32 as though set forth herein.

32.     This Count arises from Defendants MVP and Workforce's violation of the FLSA for their failure to pay Plaintiff and similarly situated employees not less than the federally-mandated minimum wage rate for all hours worked in individual work weeks as described more fully in paragraphs 11-13, *supra*.

33.     Defendants MVP and Workforce suffered or permitted Plaintiff to work in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

34.     Plaintiff was not exempt from the minimum wage provisions of the FLSA.

35.     Plaintiff was entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual work weeks.

36.     Defendants MVP and Workforce did not pay Plaintiff the federally-mandated minimum wage for all hours worked in individual work weeks.

37. Defendants MVP and Workforce suffered or permitted other similarly situated, non-exempt employees to work who were likewise entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual work weeks.

38. Defendants MVP and Workforce did not pay other similarly situated laborers the federally-mandated minimum wage for all hours worked in individual work weeks.

39. Defendants MVP and Workforce' failure to pay Plaintiff and other similarly situated employees the federally-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the FLSA.

40. Plaintiff is entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendants MVP and Workforce's violation of the FLSA was willful.

WHEREFORE, Plaintiff and the class they represent pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiff's consent to represent are attached hereto as Group Exhibit A;

B. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage rate paid to Plaintiff and similarly situated employees.

C. Liquidated damages in the amount equal to the unpaid minimum wages;

D. That the Court declare that Defendant MVP and Workforce has violated the FLSA;

E. That the Court enjoin Defendant MVP and Workforce from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the FLSA – Overtime Wages**

*Plaintiff and a class as to Defendants MVP and Workforce*
*Section 216(b) Collective Action*

Plaintiff incorporates and re-allege paragraphs 1 through 40 as though set forth herein.

41.     This Count arises from Defendants MVP and Workforce's violation of the FLSA for their failure to pay Plaintiff and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 11-18, *supra*.

42.     Defendants MVP and Workforce directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks in the three years prior to Plaintiff filing this lawsuit.

43.     Plaintiff was not exempt from the overtime provisions of the FLSA.

44.     Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

45.     Defendants MVP and Workforce did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

46.     Defendants MVP and Workforce likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

47.     Defendants MVP and Workforce did not pay other similarly situated employees overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

48.     Defendants MVP and Workforce's failure to pay Plaintiff and other similarly situated employees the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

49.     Plaintiff is entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant MVP and Workforce's violation of the FLSA was willful.

WHEREFORE, Plaintiff and the class they represent pray for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiff's consent to represent are attached hereto as Group Exhibit A;

B.     A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C.     Liquidated damages in the amount equal to the unpaid overtime wages;

D.     That the Court declare that Defendants MVP and Workforce have violated the FLSA;

E.     That the Court enjoin Defendants MVP and Workforce from violating the FLSA;

F.     Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G.     Such other and further relief as this Court deems appropriate and just.

### COUNT III
### (Violation of the Illinois Minimum Wage Law – Minimum Wages)
### *Plaintiff and a class as to Defendants MVP and Workforce*
### *Class Action*

Plaintiff incorporates and re-allege paragraphs 1 through 49 as though set forth herein.

50.     This Count arises from Defendants MVP and Workforce's violation of the IMWL for its failure to pay Plaintiff and the Class she represents the Illinois-mandated minimum wages

for all hours worked in individual work weeks as described more fully in paragraphs 11-13, *supra*.

51.　Defendants MVP and Workforce suffered or permitted Plaintiff to work in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

52.　Plaintiff was not exempt from the minimum wage provisions of the IMWL.

53.　Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

54.　Defendants MVP and Workforce did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

55.　Defendants MVP and Workforce suffered or permitted other similarly situated, non-exempt laborers to work who were likewise entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

56.　Defendants MVP and Workforce did not pay other similarly situated laborers the Illinois-mandated minimum wage for all hours worked in individual work weeks.

57.　Defendant MVP and Workforce's failure to pay Plaintiff and other similarly situated employees the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

58.　Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

59.　The Class that Plaintiff seeks to represent in regard to the minimum wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendants MVP and Workforce from October 28, 2005, up through and including the date of judgment.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant MVP and Workforce as follows:

A.  That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.  A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IMWL;

C.  Liquidated damages in an amount equal to the unpaid Illinois mandated minimum wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.  That the Court declare that Defendants MVP and Workforce have violated the IMWL;

E.  That the Court enjoin Defendants MVP and Workforce from violating the IMWL;

F.  Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

G.  Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### (Violation of the Illinois Day and Temporary Laborer Services Act– Minimum Wages)
### *Plaintiff and a class as against Segerdahl*
### *Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 59 as though set forth herein.

60.  Defendants MVP and Workforce failed to compensate Plaintiff for all time worked at the rate agreed to by the parties in violation of the IMWL as alleged in Count III, *supra*.

61.  As a "third party client company" as defined by the IDTLSA, Segerdahl is jointly and severally liable for MVP and Workforce's failure to pay minimum wages to laborers assigned to work at Segerdahl as alleged in Count III, *supra*, pursuant to Section 85 of the IDTLSA. 820 ILCS 175/85.

62.    The Class that Plaintiff seeks to represent in regard to the minimum wage claim arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendant MVP and were assigned to work at Segerdahl from October 28, 2012 up through and including the date of judgment.

WHEREFORE, Plaintiff and the class prays for a judgment against Defendant Segerdahl as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IMWL and IDTLSA;

C.    Liquidated damages in an amount equal to the unpaid Illinois mandated minimum wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    That the Court declare that Defendant Segerdahl is liable for MVP and Workforce violation the IMWL and IDTLSA;

E.    That the Court enjoin Defendants from violating the IMWL and IDTLSA;

F.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

G.    Such other and further relief as this Court deems appropriate and just.

### COUNT V
### (Violation of the Illinois Minimum Wage Law – Overtime Wages)
### *Plaintiff and a class as to Defendants MVP and Workforce*
### *Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 62 as though set forth herein.

63.    This Count arises from Defendant MVP and Workforce's violation of the IMWL for its failure to pay Plaintiff and the Class she represent overtime wages for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 11-18, *supra*.

64.     Defendants MVP and Workforce directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks in the three years prior to Plaintiff filing this lawsuit.

65.     Plaintiff was not exempt from the overtime provisions of the IMWL.

66.     Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

67.     Defendants MVP and Workforce did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks and any earned bonuses were required to be included in their regular wage for purposes of calculating their overtime wages.

68.     Defendants MVP and Workforce likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

69.     Defendant MVP and Workforce did not pay other similarly situated laborers the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

70.     Defendants MVP and Workforce's failure to pay Plaintiff and other similarly situated laborers overtime wages for all hours worked in individual work weeks was a violation of the IMWL.

71.     Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

72.     The Class that Plaintiff seeks to represent in regard to their overtime claim arising under the IMWL is composed of and defined as all persons who have been employed by

Defendants MVP and Workforce from October 28, 2005, up through and including the date of judgment.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendants MVP and Workforce as follows:

A.  That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.  A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IMWL;

C.  Liquidated damages in an amount equal to the unpaid Illinois mandated overtime wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.  That the Court declare that Defendants MVP and Workforce have violated the IMWL;

E.  That the Court enjoin Defendants MVP and Workforce from violating the IMWL

F.  Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

G.  Such other and further relief as this Court deems appropriate and just.

### COUNT VI
**(Violation of the Illinois Day and Temporary Laborer Services Act– Overtime Wages)**
***Plaintiff and a class as against Segerdahl***
***Class Action***

Plaintiff incorporates and re-allege paragraphs 1 through 72 as though set forth herein.

73.  Defendants MVP and Workforce failed to compensate Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL as alleged in Count V, *supra*.

74.  As a "third party client company" as defined by the IDTLSA, Segerdahl is jointly and severally liable for MVP and Workforce's failure to pay overtime wages to laborers assigned

to work at Segerdahl as alleged in Count V, *supra*, pursuant to Section 85 of the IDTLSA. 820 ILCS 175/85.

75.     The Class that Plaintiff seeks to represent in regard to their overtime wage claim arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendants MVP and Workforce and were assigned to work at Segerdahl from October 8, 2012, up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant Segerdahl as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IMWL and IDTLSA;

C.     Liquidated damages in an amount equal to the unpaid Illinois mandated minimum wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     That the Court declare that Defendant Segerdahl is liable for MVP and Workforce's has violation the IMWL and IDTLSA;

E.     That the Court enjoin Defendants from violating the IMWL and IDTLSA;

F.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq*. and the IDTLSA, 820 ILCS 175/95;

G.     Such other and further relief as this Court deems appropriate and just.

**COUNT VII**
**(Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages)**
***Plaintiff and a class as to Defendants MVP and Workforce***
***Class Action***

Plaintiff incorporates and realleges paragraphs 1 through 75 as though set forth herein.

76.     This Count arises from Defendants MVP and Workforce's violation of the IWPCA for its failure to pay Plaintiff and the Class she represent wages for all time worked at the rate agreed to by the parties as described more fully in paragraphs 10-12, *supra*.

77.     During the course of their employment with Defendant MVP and Workforce, Plaintiff had agreements within the meaning of the IWPCA to be compensated for all time worked at the rates agreed to by the parties. Defendants MVP and Workforce did not pay Plaintiff for all hours worked at the rates agreed to by the parties as described more fully in paragraphs 11-18, *supra*.

78.     Other similarly situated laborers were likewise not compensated by Defendants MVP and Workforce for all time worked at the rate agreed to by the parties in certain work weeks.

79.     Plaintiff and the Class she represents were entitled to be paid for all time worked at the rate agreed to by the parties.

80.     Defendant MVP and Workforce's failure to pay Plaintiff and the Class she represent for all time worked at the rate agreed to by the parties violated the IWPCA.

81.     Plaintiff and the Class are entitled to recover owed wages for a period extending back to October 28, 2005.

82.     The Class that Plaintiff seeks to represent in regard to the claim for unpaid wages arising under the IWPCA is composed of and defined as all persons who have been employed by Defendants MVP and Workforce from October 28, 2005, up through and including the date of judgment.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendants MVP and Workforce as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment in the amount of all back wages due Plaintiff and the Class as provided by the IWPCA;

C.    Liquidated damages in an amount equal to the unpaid wages as provided for in the IDTLSA, 820 ILCS 175/95;

D.    That the Court declare that Defendants MVP and Workforce have violated the IWPCA;

E.    That the Court enjoin Defendants from violating the IWPCA;

F.    Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq*. and the IDTLSA, 820 ILCS 175/95;

G.    Such other and further relief as this Court deems appropriate and just.

**COUNT VIII**
**(Violation of the Illinois Day and Temporary Laborer Services Act– Unpaid Wages)**
*Plaintiff and a class as against Sgerdahl*
*Class Action*

Plaintiff incorporates and realleges paragraphs 1 through 82 as though set forth herein.

83.    Defendant MVP and Segerdahl failed to compensate Plaintiff and the Class she represent wages for all time worked at the rate agreed to by the parties in violation of the IWPCA as alleged in Count VII, *supra*.

84.    As a "third party client company" as defined by the IDTLSA, Segerdahl is jointly and severally liable for Defendants MVP and Workforce's failure to pay all earned wages to laborers assigned to work at Segerdahl as alleged in Count VII, *supra*, pursuant to Section 85 of the IDTLSA. 820 ILCS 175/85.

85.    The Class that Plaintiff seeks to represent in regard to the claim for unpaid wages arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendants MVP and Workforce and were assigned to work at Sergedahl since October 28, 2005 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant Segerdahl

as follows:

A.  That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.  A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IWPCA and IDTLSA;

C.  Liquidated damages in an amount equal to the unpaid Illinois mandated minimum wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.  That the Court declare that Defendant Segerdahl's is liable for MVP and Workforce's has violation the IMWL and IDTLSA;

E.  That the Court enjoin Defendants from violating the IMWL and IDTLSA;

F.  Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

G.  Such other and further relief as this Court deems appropriate and just.

### COUNT IX
**(Violation of Illinois Day and Temporary Labor Services Act-Four Hour Minimum Pay)**
***Plaintiff and a class as to Defendants Workforce and MVP***
***Class Action***

Plaintiff hereby re-alleges and incorporate paragraphs 1 through 84 of this Complaint, as if fully set forth herein.

86.  This Count arises from Defendants MVP and Workforce's violation of the IDTLSA for their failure to compensate Plaintiff and the Class of day or temporary laborers for a minimum of four (4) hours at the agreed upon rate when a day or temporary laborer was contracted to work at a third party client company but was not utilized for at least four (4) hours pursuant to 820 ILCS 175/30(g).

87.  Defendant MVP and Workforce contracted Plaintiff and other similarly situated employees to work for a period of less than four (4) hours in single work days but did not pay them a minimum of four (4) hours pay as more fully described in paragraphs 19-20, *supra*.

22

88.     Plaintiff and other similarly situated employees were entitled to be compensated for a minimum of four (4) hours pay on days in which they were contracted to work but were not utilized for at least four (4) hours.

89.     Defendants MVP and Workforce's failure to compensate Plaintiff and the Class a minimum of four (4) hours pay for any day they were contracted to work violated the IDTLSA. 820 ILCS 175/30(g).

90.     Plaintiff and the Class are entitled to recover four (4) hour minimum pay for any days they were not compensated a minimum of four (4) hours in the three (3) years prior to the filing of this lawsuit.

91.     The Class that Plaintiff seeks to represent in regard to the claim for the four (4) hour minimum pay pursuant to the IDTLSA, 820 ILCS 175/30(g), is composed of and defined as all persons who have been employed by Defendants MVP and Workforce since October 25, 2012,  up through and including the date of judgment.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendants   as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment for Plaintiff and the Class in the amount of the underpayment of the four (4) hour minimum payment requirement of section 30(g) of the IDTLSA;

C.     Liquidated damages in an amount equal to the amount of the underpayment of the four (4) hour minimum payment requirement of section 30(g) of the IDTLSA;

D.     That the Court declare that Defendants MVP and Workforce have violated section 30(g) of the IDTLSA;

E.     That the Court enjoin Defendants from violating the IDTLSA;

F.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

G.     Such other and further relief as this Court deems appropriate and just.

**COUNT X**
**\ (Violation of the Illinois Day and Temporary Labor Services Act - Employment Notices)**
*Plaintiff and a class as against MVP and Workforce*
*Class Action*

Plaintiff incorporates and realleges paragraphs 1 through 91 as though set forth herein.

92.     This Count arises from the violation of the IDTLSA for Defendants MVP and Workforce's failure to provide Plaintiff and similarly situated laborers with a proper Employment Notices as required by the IDTLSA.

93.     Defendants MVP and Workforce employed Plaintiff and similarly situated laborers and assigned them to work at certain third party client companies, including Segerdahl.

94.     Defendants MVP and Workforce failed to provide Plaintiff and similarly situated laborers with a proper Employment Notice at the time of dispatch and at the time any terms changed.

95.     Defendants MVP and Workforce were obligated to provide Plaintiff and the Class with an Employment Notice at the time of each laborer was initially dispatched to work and any time the material terms listed on the Employment Notice changed. 820 ILCS 175/10.

96.     Defendants MVP and Workforce failed to provide Plaintiff and the Class with Employment Notices at the time of dispatch to third party clients or at the time any terms listed on an Employment Notice changed as required by the IDTLSA.

97.     Defendants MVP and Workforce violated the IDTLSA by failing to provide to Plaintiff and Class Members Employment Notice as required by the IDTLSA.

98.     The Class that Plaintiff seeks to represent in regard to the Employment Notice claim arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendants MVP and Workforce from October 28, 2005, up through and including the date of judgment.

WHEREFORE, Plaintiff and the class prays for a judgment against Defendants MVP and Workforce as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B. That the Court award Plaintiff and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 10 of the IDTLSA;

C. That the Court declare that Defendants MVP and Workforce have violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

D. That the Court enjoin Defendants from violating the IDTLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT XI
### (Violation of the Illinois Day and Temporary Labor Services Act–Time Records)
### *Plaintiff and a class as against Segerdahl*

Plaintiff incorporates and reallege paragraphs 1 through 98 as though set forth herein.

99. This Count arises from the violation of the IDTLSA for Defendant Segerdahl's failure to maintain and remit to different staffing agencies it utilized, including MVP and Workforce, accurate records of "hours worked" as required by Sections 12(a)(2) and 12(b) of the IDTLSA.

100.     Defendant Segerdahl contracted with staffing agencies such as MVP and Workforce for temporary laborers including Plaintiff and other similarly situated laborers.

101.     Pursuant to Sections 12(a)(2) and 12(b) of the IDTLSA, Defendant Segerdahl was obligated to maintain and remit to the staffing agencies an accurate accounting of hours worked by Plaintiff and other similarly situated temporary laborers assigned to work at Segerdahl.

102.     Defendant Sgerdahl failed to maintain and remit such records for Plaintiff and the Class in violation of 12(a)(2) and 12(b) of the IDTLSA.

103.     Defendant Segerdahl's failure to maintain and remit such time records violated the IDTLSA.

104.     The Class that Plaintiff seeks to represent in regard to the time records claim arising under the IDTLSA is composed of and defined as all persons who have been assigned by a temporary staffing agency to work at Defendant Segerdahl from October 28, 2012 up through and including the date of judgment.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant Segerdahl as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B.     That the Court award Plaintiff and the Class compensatory damages and statutory damages of up to $500 for each violation of Sections 12(a)(2) and 12(b) of the IDTLSA;

C.     That the Court declare that Defendant Segerdahl has violated the time records provision of the IDTLSA. 820 ILCS 175/12(a)(2) and 12(b);

D.     That the Court enjoin Defendant Segerdahl from violating the IDTLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: October 28, 2015

s/Christopher J. Williams
Christopher J. Williams
Alvar Ayala
Workers' Law Office, PC
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121


Attorney for Plaintiff