**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HILDA CALDERON and MICHELLE GONGORA, on behalf of themselves and similarly situated employees, | |
| Plaintiffs, | Case No. 15 C 9626 |
| v. | Judge Alonso |
| PERSONNEL STAFFING GROUP, LLC d/b/a MVP and d/b/a BARNETT MANAGEMENT and MVP WORKFORCE, LLC, | Magistrate Judge Finnegan |
| Defendants. | |

**FIFTH AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Hilda Calderon and Michelle Gongora, on behalf of themselves and all other persons similarly situated, known and unknown, for their Complaint against Personnel Staffing Group, LLC d/b/a MVP and d/b/a Barnett Management ("MVP") and MVP Workforce, LLC ("Workforce"), (collectively "Defendants"), state as follows:

## I.     NATURE OF THE CASE

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.* ("IDTLSA") for: 1) Defendants' failure to pay Plaintiff Calderon and other similarly situated employees who were assigned to work in excess of forty (40) hours in individual work weeks for both MVP and Workforce overtime wages in the three years prior to the filing of this lawsuit to the date of judgment ("Relevant Time Period"); and 2) Defendant MVP's failure to pay the federally and/or Illinois-mandated minimum wage to laborers assigned by MVP to MVP's client company Visual Pak Company during the class period on days such laborers were assigned to work at Visual Pak Company, were not utilized by Visual Pak Company and were engaged to wait or, alternatively, MVP's failure to pay laborers

a minimum of four hour pay pursuant to the IDTLSA in such circumstances during the Relevant Time Period. For specific claims identified in this paragraph and in Counts I and III arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA. 29 U.S.C. §216(b). Plaintiffs' consents to represent are attached hereto as Group Exhibit A. For specific claims identified in this paragraph and in Counts II, IV and V arising under the IMWL and the IDTLSA, Plaintiffs will seek to certify these claims as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## II.       JURISDICTION AND VENUE

2.       This Court has jurisdiction over Plaintiffs' specific FLSA claims set forth in this Complaint pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' specific state law claims set forth in this Complaint pursuant to 28 U.S.C. §1367. Plaintiffs bring their collective claims pursuant to 29 U.S.C. §216(b) and bring their class claims pursuant to Fed. R. Civ. P. Rule 23.

3.       Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiffs' claims occurred in this judicial district and as Defendants have maintained offices and transacted business within this jurisdiction at all relevant times.

## III.       PARTIES

**Plaintiffs**

4.       Plaintiff Calderon, during the relevant limitations periods, has:

    a.       resided in and is domiciled in within this judicial district in Illinois;

    b.       handled goods that have moved in interstate commerce;

    c.       been an "employee" of Defendants MVP and Workforce in Illinois as that term is defined by the FLSA and IMWL (hereafter "laborer"); and

    d.       been employed by Defendants MVP and Workforce as a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820

ILCS 175/5.

5.      Plaintiff Gongora, during the relevant limitations periods, has:

     a.      resided in and is domiciled in within this judicial district in Illinois;

     b.      handled goods that have moved in interstate commerce;

     c.      been an "employee" of Defendant MVP in Illinois as that term is defined by the FLSA and IMWL (hereafter "laborer"); and

     d.      been employed by Defendant MVP as a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820 ILCS 175/5.

**Defendants**

6.      During the relevant time period, Defendant Personnel Staffing Group, LLC has:

     a.      been a corporation organized under the laws of the state of Florida and been located in and conducted business within this judicial district;

     b.      done business as MVP and as Barnett Management ("Barnett Mgmt");

     c.      been engaged in the business of employing day or temporary laborers in Illinois to provide services, for a fee, to Third Party Clients as defined by the IDTLSA, 820 ILCS 175/5 pursuant to contracts between itself and such third party clients;

     d.      been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5; and

     e.      been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

     f.      had two or more employees who have handled goods which have moved in interstate commerce;

     g.      been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL and 820 ILCS 105/3(c);

     h.      been affiliated with Defendant Workforce;

     i.      operated as a single employer with Defendant Workforce in relation to Plaintiffs and other similarly situated laborers; and

3

7.    During the relevant time period, Defendant MVP Workforce, LLC has:

    a.    been a corporation organized under the laws of the state of Delaware and been located in and conducted business within this judicial district;

    b.    done business as Workforce;

    c.    been engaged in the business of employing day or temporary laborers in Illinois to provide services, for a fee, to Third Party Clients as defined by the IDTLSA, 820 ILCS 175/5 pursuant to contracts between itself and such third party clients;

    d.    been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5; and

    e.    been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes;

    f.    had two or more employees who have handled goods which have moved in interstate commerce;

    g.    been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL and 820 ILCS 105/3(c);

    h.    been affiliated with Defendant MVP;

    i.    operated as a single employer with Defendant MVP in relation to Plaintiffs and other similarly situated laborers; and

## IV.    COMMON FACTS

**Relationship between Defendants**

8.    Within the Relevant Time Period, Defendants MVP and Workforce have operated as a single entity in relation to Plaintiffs and other similarly situated laborers nominally employed by MVP and Workforce, in that:

    a.    Defendants MVP and Workforce have had common ownership in that Daniel Barnett has simultaneously been:

        (i)    Owner and Chairman of MVP's d/b/a Barnett Mgmt (*see* Directory of Administration Staff & Locations of Barnett Mgmt, MVP and

4

Workforce, attached as Attachment 1 to Exhibit C, showing Daniel Barnett's title);

(ii)    Managing Partner of MVP (*see* IL Secretary of State Business Registration for MVP, attached as Exhibit D); and

(iii)    Managing Partner of Workforce (*see* IL Secretary of State Business Registration for Workforce, attached as Exhibit E);

b.    On information from public records, MVP has been listed as an owner of Workforce (*see*, for example, MVP's 2009 and 2015 Registration Renewals with IDOL, attached as Exhibits F and G respectively, on which MVP identifies that it is the owner or operator of Workforce);

c.    On information from public records, MVP has owned or operated Workforce (*see* Exhibits F and G);

d.    Defendants MVP and Workforce have shared corporate offices (*see* Attachments 1 and 2 to Exhibit C – 2012 and 2013 Directories of Administration Staff & Locations of MVP (including MVP's d/b/a Barnett Mgmt) and Workforce –Exhibits D and E, showing the corporate address of Barnett Mgmt, MVP and Workforce to all be located at 666 Dundee Road in Northbrook, Illinois);

e.    Defendants MVP and Workforce have housed and shared human resources across these three Defendant companies (*see*, for example, Attachment 2 to Exhibit C, p.1, showing payroll was performed for both MVP and Workforce out of this corporate office and that employees with Barnett Mgmt, MVP and Workforce email addresses were housed together and used the same phone system);

f.    Defendants have operated dispatch offices where laborers were assigned nominally for MVP and for Workforce but out of the same dispatch office. For example, during the Relevant Time Period, Plaintiff Calderon was assigned to work for certain third party client companies nominally of MVP and others nominally of Workforce out of the same dispatch office located at 65 E. Palatine Road, #213 in Prospect Heights, Illinois ("Defendants' Prospect Heights Office") in the same work week;

g.    Defendants have operated dispatch offices nominally for MVP but assigned laborers to companies that were nominally third party client companies of Workforce (*see*, for example, Exhibit C, Rosa Ceja Declaration, ¶9, in which Ms. Ceja, a former Onsite and Dispatcher for MVP, describes this process);

h.    Defendants have operated dispatch offices nominally for Workforce but assigned laborers to companies that were nominally third party client companies of MVP (*see* Exhibit C, ¶9);

i.     Defendants have utilized a system of van and bus drivers to transport laborers from a dispatch office that is or was nominally an MVP office to work at a third party client company nominally of Workforce (*see* Declaration of Defendants' former driver, Victor Lopez, attached as Exhibit H);

j.     Defendants have utilized a system of van and bus drivers to transport laborers from a dispatch office that is or was nominally a Workforce office to work at a third party client company nominally of MVP (*see* Exhibit H);

k.     Defendants have shared dispatchers that nominally work at MVP to work as a dispatcher at an office that is nominally a Workforce office while being paid by MVP; and

l.     Defendants have shared dispatchers that nominally work at Workforce to work as a dispatcher at an office that is nominally a MVP office while being paid by Workforce.

9.     Within the Relevant Time Period, Defendants MVP and Workforce have operated in Illinois as "day and temporary labor service agency" as defined by the IDTLSA, 820 ILCS 175/5.

10.     Within the Relevant Time Period, Defendants MVP and Workforce have registered together with the Illinois Department of Labor ("IDOL") as "day and temporary labor service agency" pursuant to the requirements of the IDTLSA, 820 ILCS 175/45. *See*, for example, Exhibits F and G.

11.     Within the Relevant Time Period, Defendants MVP and Workforce have operated in Illinois as Staffing Agencies and have both been in the business of recruiting, contracting and providing laborers to Third Party Client Companies for a fee to supplement such company's workforce.

**FLSA/IMWL Overtime Violation**

12.     Within the Relevant Time Period, Plaintiff Calderon was contracted to work by both Defendants in multiple work weeks and assigned to third party client companies nominally of both MVP and Workforce, even though she sought work at the same Prospect Heights Dispatch

6

Office. *See*, Plaintiff Calderon's declaration dated January 21, 2017, attached hereto as Exhibit I, ¶¶2-4 and Exh. A to her declaration, showing photos taken of the Prospect Heights Dispatch Office on January 21, 2017 publicizing that both MVP and Workforce operated out of the dispatch office located at 65 E. Palatine Road, #213 in Prospect Heights, Illinois.

13. In multiple work weeks that Plaintiff Calderon was contracted to work at third party client companies of both MVP and Workforce as described in paragraph 13, *supra*, she worked in excess of forty (40) hours but was not compensated for overtime hours at time and one half of her regular rate of pay. *See*, for example, Exhibit I, attached hereto, containing a declaration from Plaintiff Calderon with her paycheck stubs (attached to the declaration as Exhibit B) issued by MVP for thirty-nine (39) hours and issued by Workforce for an additional eight (8) hours, both from the same Northbrook corporate office with the same employee ID ("CAL894") and both for the pay period of 10/21/13 – 10/27/13, but with all forty-seven (47) hours paid at her regular rate of pay. *See*, also, Exhibit I, showing Plaintiff Calderon's paycheck stubs (also attached to the declaration as Exhibit B) issued by MVP for forty (40) hours and another issued by Workforce for an additional eight (8) hours, again both from the same Northbrook corporate office with the same employee ID ("CAL894") and both for the pay period of 10/28/13 – 11/3/13, but with all forty-eight (48) hours paid at her regular rate of pay.

14. Within the Relevant Time Period, other similarly situated laborers of Defendants were contracted to work by Defendants in multiple work weeks and assigned to third party client companies nominally of both MVP and Workforce, even though they sought work at the same dispatch office of Defendants. *See*, for example, Exhibit J, containing information produced by Defendants in a very limited sampling of just four months of the three year limitations period (10/1/13 – 11/30/13 and 9/1/14 – 10/31/14) and for just two dispatch offices nominally of MVP

7

(Cicero and Elmwood Park) and two dispatch offices nominally of Workforce (Cicero and Prospect Heights), showing 575 hours of overtime hours worked by laborers of Defendants under the name of both MVP and Workforce but for which they were not compensated at the premium overtime rate of time and one half their regular rate of pay.

15.     Within the Relevant Time Period, MVP and Workforce dispatched laborers from Defendants' common Prospect Heights Dispatch Office located at 65 E. Palatine Road, #213 in Prospect Heights, Illinois. See, Exhibit A to Plaintiff Calderon's Declaration, attached hereto as Exhibit I.

16.     Within the Relevant Time Period, MVP and Workforce concurrently dispatched laborers from two offices in Cicero, Illinois, one nominally operated under the name of MVP located at 5637 W Roosevelt Rd, Cicero, IL 60804 ("MVP Cicero Dispatch Office"), and another nominally operated by Workforce located at 5017 W Cermak Rd, Cicero, IL 60804 ("Workforce Cicero Dispatch Office").

17.     Within the Relevant Time Period, Defendants' MVP Cicero Dispatch Office and Workforce Cicero Dispatch Office were located within two miles from each other.

18.     Within the Relevant Time Period, Defendants registered and operated multiple dispatch offices in Illinois[1] including, but not limited to the following:

  a.     226 S. Sheridan Road, Waukegan, IL 60085, nominally operated as MVP ("MVP Waukegan Dispatch Office");

  b.     2551 Division, Suite 106, Joliet, IL 60435, nominally operated as MVP ("MVP Joliet Dispatch Office");

  c.     5637 W. Roosevelt Rd., Cicero, IL 60804, nominally operated as MVP

---

[1] *See* "IDOL 2015 List of Registered Day and Temporary Labor Agencies", downloaded 11/13/2015 (excerpted to show information for Defendants MVP and Workforce only), attached as Exhibit K.

("MVP Cicero Dispatch Office");

d.     7999 W. Grand Ave., Franklin Park, IL 60131, nominally operated as MVP ("MVP Franklin Park Dispatch Office");

e.     7514 B W. North Ave., Elmwood Park, IL 60707, nominally operated as MVP ("MVP Elmwood Park Dispatch Office");

f.     237 Cedar Lake Rd., Round Lake, IL 60073, nominally operated as MVP ("MVP Round Lake Dispatch Office");

g.     65 E. Palatine Road, #213 in Prospect Heights, IL, nominally operated as Workforce ("Workforce Prospect Heights Dispatch Office");

h.     5017 W Cermak Rd, Cicero, IL 60804, nominally operated as Workforce ("Workforce Cicero Dispatch Office");

i.     500 N. Lake, Mundelein, IL 60060, nominally operated as Workforce ("Workforce Mundelein Dispatch Office").

19.     Within the Relevant Time Period, Defendants utilized a system of van and bus drivers to transport laborers from one of the dispatch office that is or was nominally an MVP office to work at a third party client company nominally of Workforce. *See* Declaration of Defendants' former driver, Victor Lopez, attached as Exhibit H.

20.     Within the Relevant Time Period, Defendants utilized a system of van and bus drivers to transport laborers from one of the dispatch office that is or was nominally a Workforce office to work at a third party client company nominally of MVP. *See* Declaration of Defendants' former driver, Victor Lopez, attached as Exhibit H.

21.     When Defendants assigned Plaintiff Calderon and other similarly situated laborers to work in excess of than forty (40) hours in a single work week through Defendants nominal MVP and Workforce offices in Illinois within the Relevant Time Period, Defendants did not compensate Plaintiff Calderon and other similarly situated laborers at the premium overtime wage rate of one and a half times such laborers' regular rate of pay.

22.     On information and belief, Defendants have assigned hundreds of laborers to work

in excess of than forty (40) hours in a single work week through Defendants nominal MVP and Workforce offices in Illinois without compensating such laborers at the premium overtime wage rate of one and a half times such laborers' regular rate of pay within the Relevant Time Period.

**FLSA/IMWL "Engaged to Wait"/IDTLSA Four Hour Minimum Pay Violation**

### *Plaintiff Gongora*

23.     Within the Relevant Time Period, Plaintiff Michelle Gongora has sought work assignments as a laborer through Defendant's nominal MVP Waukegan Dispatch Office.

24.     Plaintiff Gongora initially sought work assignments as a laborer through Defendant's nominal MVP Waukegan Dispatch Office since in or about the fall of 2013.

25.     Within the Relevant Time Period, Plaintiff Gongora was assigned by Defendant MVP to work at a client company of Defendant called Visual Pak Company.

26.     Within the Relevant Time Period, on multiple occasions, Plaintiff Gongora went to the nominal MVP Waukegan Dispatch Office early in the morning.

27.     When Plaintiff Gongora arrived, she signed in on a sign in sheet which showed that she was present and the order in which she had arrived.

28.     On multiple occasions, one or another of the Dispatchers at the nominal MVP Waukegan Dispatch Office, names unknown, would call Plaintiff Gongora's name and direct her to get on a van or a bus to go to Visual Pak located in Waukegan, Illinois ("Visual Pak-Waukegan").

29.     On those occasions, Plaintiff was directed to get on van operated by Defendant to be taken to Visual Pak-Waukegan. When Plaintiff boarded the van, the van driver had a list of workers who were present on the van and would check the names off, including Plaintiff Gongora's name. Once the van was loaded, the driver would drive everyone on the van to the Visual Pak-

Waukegan facility which took about 15 minutes.

30.     Once Plaintiff Gongora and the other laborers employed by Defendant arrived at the Visual Pak-Waukegan facility, Plaintiff Gongora and the other laborers would clock in at the facility. After clocking in, Plaintiff Gongora and the other laborers assigned by Defendant to work at the Visual Pak-Waukegan facilities were instructed to wait on the factory floor to see if they would be picked by one of the Visual Pak-Waukegan supervisors to work in their department.

31.     On days when Plaintiff Gongora and other laborers were not immediately selected, they clocked out and were directed to wait in the cafeteria in case they were later needed and to wait for Defendants' van driver to return to pick them up.

32.     Typically, Plaintiff Gongora and the other laborers assigned to Visual Pak-Waukegan were required to wait about forty-five (45) minutes to an hour.

33.     On multiple occasions Plaintiff Gongora was not selected by Visual Pak-Waukegan to work, she and other laborers assigned to Visual Pak-Waukegan were returned back to Defendant's dispatch office where the driver turned in a list of laborers not utilized at Visual Pak-Waukegan for that day.

34.     On other occasions within the Relevant Time Period, Plaintiff Gongora was assigned to work at the Visual Pak Company's facility located in Kenosha, Wisconsin ("Visual Pak-Kenosha").

35.     On these occasions, the same process would occur at the nominal MVP Waukegan Dispatch Office as described in paragraphs 24 – 28, *supra*, although Plaintiff Gongora would be directed to get on a van or a larger bus. While on the bus or van, Plaintiff Gongora would sign a sheet which showed who was on Defendant's vehicle. Once the van or bus was loaded, the driver would drive everyone on the van to the Visual Pak-Kenosha facility. The ride took about 45

11

minutes.

36.     Once Plaintiff Gongora and other laborers of Defendant arrived at the facility, Plaintiff Gongora and the other laborers would clock in at the facility. After clocking in, Plaintiff and the other laborers assigned by Defendant to work at the Visual Pak-Kenosha facility were instructed to wait on the factory floor to see if they would be picked by one of the Visual Pak supervisors to work in their department.

37.     On days when Plaintiff Gongora and other laborers were not immediately selected, they clocked out and were directed to wait in the cafeteria in case they were later needed and to wait for Defendants' driver to return to pick them up.

38.     Typically, Plaintiff Gongora and the other laborers assigned to Visual Pak-Kenosha were required to wait about forty-five (45) minutes to an hour.

39.     On occasions Plaintiff Gongora was not selected by Visual Pak-Kenosha to work, she and other laborers assigned to Visual Pak-Kenosha were returned back to Defendants' dispatch office where the driver turned in a list of laborers not utilized at Visual Pak-Kenosha for that day.

40.     On the occasions described in paragraphs 36 and 40, *supra*, Plaintiff Gongora was not compensated for the time she spent at the Visual Pak facility.

41.     On the occasions described in paragraphs 36 and 40, *supra*, Plaintiff Gongora was not compensated for a minimum of four (4) hours on days she was assigned by Defendants to work at the Visual Pak facility but was not utilized.

42.     On information from former Dispatchers and Onsites of Defendant MVP and other laborers assigned from Defendant MVP's Waukegan, Illinois dispatch office, Defendant had a common practice of assigning temporary workers to Visual Pak Company, allowing Visual Pak Company to select which laborers it wanted to utilize and to send back the remaining laborers

without payment for the time they were at the Visual Pak facilities engaged to be waiting.

43.     The time Plaintiff Gongora and other similarly situated laborers spent at Visual Pak Company when they were assigned by Defendant MVP from the MVP Waukegan Office but were not utilized by Visual Pak Company was for the benefit of Defendant in that:

        a.     Defendant benefitted from assigning Plaintiff Gongora and other similarly situated laborers to work at Visual Pak Company because Defendant billed Visual Pak Company for each hour worked by each of Defendant's laborers and thus could maximize profits by having as many laborers available to work at Visual Pak Company as Visual Pak Company might want to use; and.

        b.     Defendant further benefitted from assigning Plaintiff Gongora and other similarly situated laborers to work at Visual Pak Company without paying them on days they were not utilized because Defendants and Visual Pak Company did not incur any labor costs for such laborers on such dates.

44.     On information from former Dispatchers and Onsites of Defendant MVP and other laborers assigned from Defendant MVP's Waukegan, Illinois dispatch office, Defendant had a common practice of assigning temporary workers to Visual Pak Company, allowing Visual Pak Company to select which laborers it wanted to utilize and to send back the remaining laborers without payment of four (4) hour minimum pay.

45.     On the occasions that Plaintiffs and other similarly situated laborers were assigned by Defendant MVP to work at Visual Pak Company but were not utilized for a minimum of four (4) hours, they were "contracted" by Defendant MVP to work at Visual Pak Company, as that term is defined by the Section 30(g) of the IDTLSA.

13

## V.    CLASS ACTION ALLEGATIONS

46.    Plaintiffs will seek to certify as class actions pursuant to FRCP Rule 23 their state law claims for Illinois-mandated overtime wages (Count II), for minimum wages for "engaged to wait" time to Visual Pak Company (Count IV) arising under the IMWL and the IDTLSA and for 4 hour minimum pay at Visual Pak Company (Count V) arising under the IDTLSA. Plaintiffs will further ask the Court to determine the rights of the parties pursuant to the above-referenced statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

47.    Plaintiffs seek to represent two classes, an "Overtime" Class and an "Engaged to Wait/Four Hour Minimum Pay at Visual Pak" Class."

48.    The "Overtime Class" that Plaintiff Calderon seeks to represent in regard to her Illinois overtime claim is composed of and defined as: "Plaintiff Calderon and all other laborers employed by Defendants MVP and Workforce in Illinois from October 28, 2012 up through and including the date of judgment who were assigned to work more than a combined forty (40) hours in a single work week by both MVP and Workforce."

49.    The "Four-Hour-Pay-at-Visual-Pak Class" that Plaintiff Gongora seeks to represent in regard to her Illinois minimum wage for "engaged to wait" time and IDTLSA minimum four hour pay claim is composed of and defined as: "Plaintiffs Gongora and all other laborers employed by Defendant MVP in Illinois from November 23, 2012 up through and including the date of judgment who were not compensated for at least 4 hours on any day they were assigned to work at Visual Pak Company within that period."

50.    Counts II, IV and V are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

a.  the class is so numerous that joinder of all members is impracticable. While the precise number of members of the Overtime Class has not been determined at this time, Plaintiffs are informed and believe that

   (i)  Defendants have employed thousands of persons as day or temporary laborers in Illinois during the Overtime Class Period who have been affected by the alleged overtime violation; and

   (ii)  Defendant MVP has employed thousands of persons as day or temporary laborers in Illinois during the "Four-Hour-Pay-at-Visual-Pak" Class Period who have been affected by the alleged minimum wage and four hour pay violations.

b.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

   (i)  Whether Defendants MVP and Workforce are a single employer in relation to Plaintiff Calderon and other similarly situated laborers;

   (ii)  If so, whether Defendants were obligated to pay Plaintiff Calderon and the Overtime Class overtime wages for time worked in excess of a combined forty (40) hours in a single work week for both MVP and Workforce in the Relevant Time Period.

   (iii)  If so, whether Defendants did pay Plaintiff Calderon and the Overtime Class overtime wages for time worked in excess of a combined forty (40) hours in a single work week for both MVP and Workforce in the Relevant Time Period.

   (iv)  Whether Defendants had a common practice of assigning laborers to work Visual Pak and not compensating such laborers for time at Visual Pak when such laborers were not utilized;

   (v)  If so, whether Plaintiffs and other similarly situated laborers were "engaged to wait" as specified by 29 CFR 785.15 during such times;

   (vi)  If so, whether Defendants were obligated to compensate Plaintiff Gongora and the Four-Hour-Pay-at-Visual-Pak Class the Illinois minimum wage rate for all such time;

   (vii)  If so, whether Defendants did pay Plaintiff Gongora and the Four-Hour-Pay-at-Visual-Pak Class for time they were engaged to wait.

   (viii)  Whether Defendants had a common practice of assigning Plaintiff Gongora and the Four-Hour-Pay-at-Visual-Pak Class to work at Visual Pak and not compensating such laborers for a minimum of

15

four hours pay at their regular rate when such laborers were not utilized for a minimum of four hours by Visual Pak;

(ix)    If so, whether Plaintiffs and other similarly situated laborers were "contracted" by Defendants to work at Visual Pak, as that term is defined by the Section 30(g) of the IDTLSA;

(x)    If so, whether Defendants were obligated to compensate Plaintiff Gongora and the Four-Hour-Pay-at-Visual-Pak Class a minimum of four (4) hours pay at their regular wage rate on such occasions; and

(xi)    If so, whether Defendants did pay Plaintiffs and the Four-Hour-Pay-at-Visual-Pak Class a minimum of four (4) hours pay at their regular wage rate on such occasions.

c.    The Class Representatives and the members of the Overtime and Four-Hour-Pay-at-Visual-Pak Class have been equally affected by Defendants' pay practices;

d.    Given the nature of the temporary staffing industry, members of the class will be reluctant to bring forth claims for unpaid overtime and other wages out of fear;

e.    Given that temporary laborers recruited and hired by Defendants, regardless of where assigned to work, were equally affected by the alleged practices of MVP and Workforce, the class representatives, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court;

51.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the FLSA – Overtime Wages**
*Plaintiff Calderon and a class as to all Defendants*
*Section 216(b) Collective Action*

Plaintiffs incorporate and re-allege paragraphs 1 through 51 as though set forth herein.

52.    This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff Calderon and other similarly situated laborers one and a half times their regular rate of pay when assigned to work more than a combined forty (40) hours in a single work week by both

16

MVP and Workforce as specifically set forth in paragraphs 12 - 22, *supra*.

53.    In certain individual work weeks within the Relevant Time Period, Defendants directed Plaintiff Calderon to work, and Plaintiff Calderon did work, more than a combined forty (40) hours in a single work week through assignments by both MVP and Workforce in the three years prior to the filing this lawsuit.

54.    Plaintiff Calderon was not exempt from the overtime provisions of the FLSA.

55.    Plaintiff Calderon was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

56.    Defendants did not pay Plaintiff Calderon overtime wages for all time worked in excess of forty (40) hours in individual work weeks as specifically set forth in paragraphs 12 - 22, *supra*.

57.    Defendants likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks as specifically set forth in paragraphs 13 - 23, *supra*.

58.    Defendants did not pay other similarly situated laborers overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks as specifically set forth in 12 - 22, *supra*.

59.    Defendants' failure to pay Plaintiff Calderon and other similarly situated laborers the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

60.    Plaintiff Calderon and other similarly situated laborers are entitled to recover unpaid overtime wages as specifically set forth in paragraphs 12 - 22, *supra,* for up to three years

prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff Calderon, on behalf of herself and the Overtime Class, prays for a judgment against Defendants as follows:

A.   That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.   A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff Calderon and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C.   Liquidated damages in the amount equal to the unpaid overtime wages;

D.   That the Court declare that Defendants have violated the FLSA;

E.   That the Court enjoin Defendants from further violating the FLSA;

F.   Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G.   Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the IMWL and IDTLSA – Overtime Wages**
***Plaintiff Calderon and the Overtime Class***
***Class Action***

Plaintiffs incorporate and re-allege paragraphs 1 through 60 as though set forth herein.

61.   This Count arises from Defendants' violation of the IMWL for their failure to pay Plaintiff Calderon and other similarly situated laborers one and a half times their regular rate of pay when assigned to work more than a combined forty (40) hours in a single work week by both MVP and Workforce as specifically set forth in paragraphs 12 - 22, *supra*.

62.   In certain individual work weeks within the Relevant Time Period, Defendants directed Plaintiff Calderon to work, and Plaintiff Calderon did work, more than a combined forty (40) hours in a single work week through assignments by both MVP and Workforce in the three years prior to the filing this lawsuit.

63.   Plaintiff Calderon was not exempt from the overtime provisions of the IMWL.

18

64. Plaintiff Calderon was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

65. Defendants did not pay Plaintiff Calderon overtime wages for all time worked in excess of forty (40) hours in individual work weeks as set forth in detail in paragraphs 12 - 22, *supra*.

66. Defendants likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks as set forth in detail in paragraphs 12 - 22, *supra*.

67. Defendants did not pay other similarly situated laborers overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks as set forth in detail in paragraphs 12 - 22, *supra*.

68. Defendants' failure to pay Plaintiff Calderon and other similarly situated laborers the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the IMWL.

69. Pursuant to Section 12(a) of the IMWL, Plaintiff Calderon and members of the Overtime Class are entitled to recover unpaid overtime wages and statutory interest for three (3) years prior to the filing of this suit.

70. Pursuant to Section 95(a) of the IDTLSA, Plaintiff Calderon and members of the Overtime Class are entitled to recover an equal amount of their unpaid overtime wages as specifically set forth in paragraphs 12 - 22, *supra,* as liquidated damages.

WHEREFORE, Plaintiff Calderon, on behalf of herself and the Overtime Class, prays for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment in the amount of all back overtime wages due to Plaintiff Calderon and the Overtime Class as provided by the IMWL;

C.    Liquidated damages in an amount equal to the unpaid overtime wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    That the Court declare that Defendants have violated the IMWL;

E.    That the Court enjoin Defendants from further violating the IMWL;

F.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12 and the IDTLSA, 820 ILCS 175/95;

G.    Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the FLSA – Minimum Wages for Time Engaged to Wait**
***Plaintiff Gongora and the Four-Hour-Pay-at-Visual-Pak Class***
***Section 216(b) Collective Action***

Plaintiffs incorporate and re-allege paragraphs 1 through 70 as though set forth herein.

71.    This Count arises from Defendant MVP's violation of the FLSA for its failure to pay Plaintiff Gongora and other similarly situated laborers the federally-mandated minimum wage rate for time they were "engaged to wait" as specifically set forth in paragraphs 23 – 45, *supra*.

72.    Defendant MVP assigned Plaintiff Gongora to work at Visual Pak Company in certain work weeks in the three years prior to the filing this lawsuit when Plaintiff Gongora was not utilized as described more fully in paragraphs 23 – 45, *supra*.

73.    Defendant MVP directed Plaintiff Gongora to appear at work at Visual Pak Company to be "engaged to wait" without compensation as described more fully in paragraphs 23 – 45, *supra.*

74.    Defendant suffered or permitted Plaintiff Gongora to appear at work at Visual Pak

Company to be "engaged to wait" without compensation as specifically set forth in paragraphs 23 – 45, *supra.*

75.    Plaintiff Gongora was not exempt from the minimum wage provisions of the FLSA.

76.    Plaintiff Gongora was entitled to be paid not less than the federally-mandated minimum wage for all time she was "engaged to wait" at Visual Pak Company in individual work weeks.

77.    Defendant MVP did not pay Plaintiff Gongora the federally-mandated minimum wage for all time she was "engaged to wait" in individual work weeks as specifically set forth in paragraphs 23 – 45, *supra.*

78.    Defendant MVP directed other similarly situated, non-exempt, laborers to appear at work at Visual Pak  Company to be "engaged to wait" without compensation as specifically set forth in paragraphs 24 – 46, *supra.*

79.    Defendant MVP suffered or permitted other similarly situated, non-exempt, laborers to appear at work at Visual Pak Company to be "engaged to wait" without compensation as specifically set forth in paragraphs 23 – 45, *supra.*

80.    Other similarly situated, non-exempt, laborers were entitled to be paid not less than the federally-mandated minimum wage for all time they were "engaged to wait" at Visual Pak Company in individual work weeks.

81.    Defendant MVP did not pay Plaintiff Gongora and other similarly situated laborers the federally-mandated minimum wage for all time worked in individual work weeks at Visual Pak Company as specifically set forth in paragraphs 23 – 45, *supra.*

82.    Defendant MVP's failure to pay Plaintiff Gongora and other similarly situated laborers the federally-mandated minimum wage rate for all hours worked in individual work

weeks at Visual Pak Company as specifically set forth in paragraphs 23 – 45, *supra,* was a violation of the FLSA.

83. Plaintiff Gongora and other similarly situated laborers are entitled to recover unpaid minimum wages for time working at Visual Pak Company for up to three years prior to the filing of this lawsuit because Defendant MVP's violation of the FLSA as specifically set forth in paragraphs 23 – 45, *supra,* was willful.

WHEREFORE, Plaintiff Gongora, on behalf of herself and the Four-Hour-Pay-at-Visual-Pak Class, prays for a judgment against Defendant MVP as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of the federally-mandated minimum wage rate for all time Plaintiff Gongora and similarly situated laborers were engaged to wait;

C. Liquidated damages in the amount equal to the unpaid minimum wages;

D. That the Court declare that Defendant MVP has violated the FLSA;

E. That the Court enjoin Defendant MVP from further violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the IMWL and IDTLSA – Minimum Wages for Time Engaged to Wait
### *Plaintiff Gongora and the Four-Hour-Pay-at-Visual-Pak Class*
### *Class Action*

Plaintiffs incorporate and re-allege paragraphs 1 through 83 as though set forth herein.

84. This Count arises from Defendant MVP's violation of the IMWL for its failure to pay Plaintiff Gongora and other similarly situated laborers the Illinois-mandated minimum wage rate for time they were "engaged to wait" as specifically set forth in paragraphs 23 – 45, *supra*.

85.     Defendant MVP assigned Plaintiff Gongora to work at Visual Pak Company in certain work weeks in the three years prior to the filing this lawsuit when Plaintiff Gongora was not utilized as described more fully in paragraphs 23 – 45, *supra*.

86.     Defendant MVP directed Plaintiff Gongora to appear at work at Visual Pak Company to be "engaged to wait" without compensation as described more fully in paragraphs 23 – 45, *supra*.

87.     Defendant MVP suffered or permitted Plaintiff Gongora to appear at work at Visual Pak Company to be "engaged to wait" without compensation as described more fully in paragraphs 23 – 45, *supra*.

88.     Plaintiff Gongora was not exempt from the minimum wage provisions of the IMWL.

89.     Plaintiff Gongora was entitled to be paid not less than the Illinois-mandated minimum wage for all time she was "engaged to wait" at Visual Pak Company in individual work weeks.

90.     Defendant MVP did not pay Plaintiff Gongora the Illinois-mandated minimum wage for all time she was "engaged to wait" in individual work weeks as described more fully in paragraphs 23 – 45, *supra*.

91.     Defendant MVP directed other similarly situated, non-exempt, laborers to appear at work at Visual Pak Company to be "engaged to wait" without compensation as described more fully in paragraphs 23 – 45, *supra*.

92.     Defendant MVP suffered or permitted other similarly situated, non-exempt, laborers to appear at work at Visual Pak Company to be "engaged to wait" without compensation as described more fully in paragraphs 23 – 45, *supra*.

93.     Other similarly situated, non-exempt, laborers were entitled to be paid not less than the Illinois-mandated minimum wage for all time they were "engaged to wait" at Visual Pak Company in individual work weeks.

94.     Defendant MVP did not pay Plaintiff Gongora and other similarly situated laborers the Illinois-mandated minimum wage for all time worked in individual work weeks at Visual Pak Company as specifically set forth in paragraphs 23 – 45, *supra*.

95.     Defendant MVP's failure to pay Plaintiff Gongora and other similarly situated laborers the Illinois-mandated minimum wage rate for all hours worked in individual work weeks at Visual Pak Company as specifically set forth in paragraphs 23 – 45, *supra,* was a violation of the IMWL.

96.     Pursuant to Section 12(a) of the IMWL, Plaintiffs and members of the Four-Hour-Pay-at-Visual-Pak Class are entitled to recover unpaid wages and statutory interest for three (3) years prior to the filing of this suit.

97.     Pursuant to Section 95(a) of the IDTLSA, Plaintiff Gongora and the Four-Hour-Pay-at-Visual-Pak Class are entitled to recover an equal amount of their unpaid minimum wages as liquidated damages.

WHEREFORE, Plaintiff Gongora, on behalf of herself and the Four-Hour-Pay-at-Visual-Pak Class, prays for a judgment against Defendant MVP as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment in the amount of the Illinois-mandated minimum wage rate for all time Plaintiffs and similarly situated laborers were engaged to wait.

C.     Liquidated damages in an amount equal to the unpaid minimum wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     That the Court declare that Defendant MVP has violated the IMWL;

E.      That the Court enjoin Defendant MVP from further violating the IMWL;

F.      Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12 and the IDTLSA, 820 ILCS 175/95;

G.      Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Violation of IDTLSA – Four Hour Minimum Pay
### Pled in the Alternative to Counts III and IV
### *Plaintiff Gongora and the Four-Hour-Pay-at-Visual-Pak Class*
### *Class Action*

Plaintiffs incorporate and re-allege paragraphs 1 through 97 as though set forth herein.

98.      This Count arises from Defendant MVP's violation of the IDTLSA for MVP's failure to compensate Plaintiff Gongora and members of the Four-Hour-Pay-at-Visual-Pak Class for a minimum of four (4) hours at the agreed upon rate when they were contracted to work by MVP at Visual Pak Company but were not utilized for at least four (4) hours and were not compensated for a minimum of four (4) hours pay pursuant to 820 ILCS 175/30(g) as specifically set forth in paragraphs 23 – 45, *supra*.

99.      In the three years prior to the filing of this lawsuit, Defendant MVP contracted Plaintiff Gongora to work at Visual Pak Company but did not utilize her for a minimum of four (4) hours on multiple occasions.

100.      On such occasions as specifically set forth in paragraphs 23 – 45, *supra*, Defendant MVP did not pay Plaintiff Gongora and other similarly situated laborers a minimum of four (4) hours pay at the laborer's regular rate of pay.

101.      In the three years prior to the filing of this lawsuit, Defendant MVP contracted other similarly situated laborers to work at Visual Pak Company but did not utilize them for a minimum of four (4) hours on multiple occasions.

102.      On such occasions as specifically set forth in paragraph 23 – 45, *supra*, Defendant

MVP did not pay other similarly situated laborers a minimum of four (4) hours pay at the laborer's regular rate of pay.

103. Plaintiff Gongora and other similarly situated laborers were entitled to be compensated for a minimum of four (4) hours pay on days in which they were contracted to work but were not utilized for at least four (4) hours.

104. Defendant MVP's failure to compensate Plaintiff Gongora and other similarly situated laborers a minimum of four (4) hours pay for any day they were contracted to work at Visual Pak Company violated Section 30(g) of the IDTLSA.

105. Plaintiff Gongora and the Four-Hour-Pay-at-Visual-Pak Class are entitled to recover four (4) hour minimum pay for any days they were not compensated a minimum of four (4) hours in the three (3) years prior to the filing of this lawsuit an any day they were assigned to work at Visual Pak Company and not utilized.

WHEREFORE, Plaintiff Gongora, on behalf of herself and the Four-Hour-Pay-at-Visual-Pak Class prays for a judgment against Defendant MVP as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment for Plaintiff Gongora and the Four-Hour-Pay-at-Visual-Pak Class in the amount of the underpayment of the four (4) hour minimum payment requirement of section 30(g) of the IDTLSA;

C. Liquidated damages in an amount equal to the unpaid portion of the four (4) hour minimum payment required as provided for in the IDTLSA, 820 ILCS 175/95;

D. That the Court declare that Defendant MVP has violated section 30(g) of the IDTLSA;

E. That the Court enjoin Defendant MVP from further violating the IDTLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

G. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: January 30, 2020

*s/Christopher J. Williams*
Christopher J. Williams (ARDC #6284262)
National Legal Advocacy Network
53 W. Jackson Blvd, Suite 1224
Chicago, Illinois 60604
(312) 795-9121

Attorney for Plaintiff**s**

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant(s) _Personnel Staffing Group LLC d/b/a MVP and Workforce, LLC_ within the prior three (3) years, that I have not been paid the federally mandated minimum wages by Defendant during the course of my employment, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Hilda Calderón_

Signature: _Hilda Calderón_

Dated: October 26, 2015

Christopher J. Williams
Alvar Ayala
Workers Law Office, PC
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121 Tel
(312) 929-2207 Fax

Attorneys for Plaintiffs

# EXHIBIT C

DECLARATION OF ROSA CEJA

I, Rosa Ceja, under penalty of perjury, state based on personal knowledge that the following facts are true and correct:

1.      I am over the age of 21 years. I currently reside in Waukegan, Illinois.

2.      I was employed with Personnel Staffing Group, LLC d/b/a MVP ("MVP") from about March of 2014 through October of 2014.

3.      MVP is in the business of recruiting temporary laborers to fill the temporary or short-term labor needs of its client companies for a fee.

4.      During my employment with MVP, I worked as both an Onsite Supervisor at some of MVP's clients in the Waukegan and Niles area and as a Dispatcher in MVP's Elmwood Park dispatch office. In these roles, I was responsible for recruiting temporary laborers to work at MVP's client companies.

5.      If a temporary laborer was not paid for all of the hours worked at a client company, the laborer would complain to me or other Dispatchers or Onsites. While I was employed, many MVP laborers complained about not being paid for all of their hours worked. There were frequently problems with the accuracy of the hours recorded by MVP's client companies.

6.      When a laborer complained, I would record the missing hours on a "Missing Hours" form. We would then contact the client company to see if we could verify that the laborer had worked the hours they claimed. If we could verify the hours, we would contact MVP's payroll department to let them know about the error. MVP would bill the client company for the missing hours and issue a new check for the hours. This process could take several weeks.

7.    These checks were then typically sent to the dispatch office. In my experience, MVP did not contact the laborer whose hours were missing to let him or her know that a check had been issued for those hours, even when the laborer continued to work at one of MVP's client companies. The laborer often did not know that a check had been issued and MVP often did nothing to inform the laborer that the check was available. MVP did not mail the check to the laborer's address on file.

8.    After about thirty or sixty days, MVP's corporate office would contact the dispatch office and advise us to void these checks and return the checks to the corporate office. I know from personal experience there were a lot of checks for MVP laborers which were voided.

9.    When I worked as an Onsite at one of MVP's clients, SPC, we would often ask Workforce to send us temporary laborers to help us fill orders. If Workforce sent me a new person from their office, they were able to get into MVP's computer system to create an online file for that person. There was a lot of interchange between MVP and Workforce. For example, see the internal phone directories I was given while at MVP showing all the staff for both MVP and Workforce, attached as Exhibits A and B.

10.    When I worked as an Onsite at MGA and SPC, there were many occasions when I saw a lot of temporary workers who were brought to those companies for a work assignment, but they were told there was no work for them. They were sent to the cafeteria and had wait for the driver to take them back. To the best of my knowledge, they were not paid for this time or paid for four hours.

11.    I am not suffering any impediments and am competent to testify to all of the foregoing.

I declare under penalty of perjury that the foregoing is true and correct.

Rosa Ceja

Dated: 1/2-4/17

# ATTACHMENT 1

| Branch | First Name | Last Name | Title | Direct | Cell | Fax | Email |
|---|---|---|---|---|---|---|---|
| Arlington, TX | Carlos | | Cust Svc/Branch Manger | 817-459 | | 817-459 | @psqwork.com |
| Arlington, TX | Francisco | | Dispatcher/Administrative | 817-459 | | 817-459 | @psqwork.com |
| Batesville, MS | Debra | | Dispatcher | 662-561 | | 662-561 | @psqwork.com |
| Batesville, MS | Georganna | | Onsite/Intermo | 662-563 | | N/A | @psqwork.com |
| Bonita Spring | Craig | | Bonita Springs CEO | 239-498 | | 239-498 | @psqwork.com |
| Bonita Spring | Ezequiel | | Driver/Payroll Admin | 239-498 | | 239-498 | @psqwork.com |
| Boynton, FL | Oscar | | Office Admin./Dispatcher | 561-509 | | 877-320 | @psqwork.com |
| Charlotte, NC | Gonzalez | | Dispatcher | 980-819 | | 980-949 | ez@psqwork.com |
| Charlotte, NC | Jennifer | | Sales Representative | 980-819 | | 980-949 | @psqwork.com |
| Charlotte, NC | Michele | | Recruiting Manager | 980-819 | | 980-949 | @psqwork.com |
| Cicero | Arcella | | 1st Shift Dispatcher | 708-456 | | 708-456 | za@psqwork.com |
| Cicero | Denise | | Branch Lead/CS Rep | 708-456 | | 708-456 | nel@psqwork.com |
| Cicero | Isle | | 2nd Shift Dispatch | 708-656 | | 708-656 | @psqwork.com |
| Cicero | Janet | | GS Onsite | 708-656 | | 708-656 | @psqwork.com |
| Cicero | Jose | | Driver | N/A | | N/A | @psqwork.com |
| Cicero | Jose | | Driver | N/A | | N/A | @psqwork.com |
| Cicero | Lisette | | Operations Manager | N/A | | N/A | @psqwork.com |
| Cicero | Maribel | | 1st Shift Dispatcher | 708-656 | | 708-656 | @psqwork.com |
| Cicero | Maria Yesenia | | 3rd Shift Dispatcher | 708-656 | | 708-656 | @psqwork.com |
| Cicero | Monica | | 1st Shift Dispatcher | 708-656 | | 708-656 | rde@psqwork.com |
| Cicero | Roberto | | GS 2nd Shift Lead | 773-299 | | N/A | z@psqwork.com |
| Cicero | Rosa | | GS 2nd Shift Lead | 708-656 | | 708-656 | @psqwork.com |
| Cicero | Sandra | | GS 3rd Shift Lead | 773-299 | | 708-656 | @psqwork.com |
| Joliet | Janet | | 1st Shift Dispatcher | 815-744 | | 815-744 | @psqwork.com |
| Joliet | Randy | | Branch Manager/CS Rep | 815-744 | | 815-744 | sework.com |
| Joliet | Sandra | | 2nd Shift Dispatcher | 815-744 | | 815-744 | @psqwork.com |
| MEP | Josh | | MEP Sales Representative | N/A | | N/A | mepstaffing.com |
| MEP | Linda | | MEP Payroll Manager | 214-592 | | 972-767 | nepstaffing.com |
| MEP - Arizona | Matt | | MEP Phoenix Recruiter | 480-625 | | 480-625 | @mepstaffing.com |
| MEP - Arizona | Tina | | MEP Phoenix Admin | 480-625 | | 480-625 | @mepstaffing.com |
| MEP - Arizona | Tony | | MEP Phoenix CRM | 480-625 | | 480-625 | @mepstaffing.com |
| MEP - Austin, TX | David | | MEP Austin Recruiter | 512-501 | | 214-296 | @mepstaffing.com |
| MEP - Dallas, TX | Bryan | | MEP COO | 972-870 | | 972-870 | @mepstaffing.com |
| MEP - Dallas, TX | Elizabeth | | MEP Recruiter | 972-870 | | 972-870 | @mepstaffing.com |
| MEP - Dallas, TX | Jennifer | | MEP PT Admin/Sales | 972-870 | | 972-870 | @mepstaffing.com |

Updated 11/13/2013

| Branch | First Name | Last Name | Title | Direct | Cell | Fax | Email |
|---|---|---|---|---|---|---|---|
| MEP - Dallas, TX | Jim | | TX VP Operations | 972-87 | | 972-87 | @psgwork.com |
| MEP - Dallas, TX | Kenny | | MEP VP Sales | 972-87 | | 972-87 | @mepstaffing.com |
| MEP - Dallas, TX | Penelope | | MEP Dallas Admin | 972-87 | | 972-87 | e@mepstaffing.com |
| MEP - Houston, TX | Andrea | | Office Manager | 713-33 | | 972-87 | es@mepstaffing.com |
| MEP - Houston, TX | Clint | | MEP Recruiter/ Branch Mgr. | 512-50 | | 713-33 | ander@psgwork.com |
| MEP - Kentucky | Mike | | MEP CEO | N/ | | N/ | andr@psgwork.com |
| MEP - Kentucky | Stacey | | MEP Kentucky Sales | N/ | | N/ | n@mepstaffing.com |
| MEP - Mississippi | Wendy | | MEP Houston CRM | N/ | | N/ | @mepstaffing.com |
| MEP - San Antonio, TX | Gary | | MEP San Antonio Sales | N/ | | N/ | k@att.net |
| Meridian, MS | Courtney | | Payroll HR | 601-28 | | 601-28 | l@psgwork.com |
| Meridian, MS | Mabelkia | | Dispatcher | 601-28 | | 601-28 | l@psgwork.com |
| Milwaukee, WI | Daniel | | 3rd Shift Dispatcher | 414-64 | | 414-645 | l@psgwork.com |
| Milwaukee, WI | DeWayne | | 3rd Shift Dispatcher | 414-64 | | 414-645 | nan@psgwork.com |
| Milwaukee, WI | Nicole | | 1st Shift Dispatcher | 414-64 | | 414-645 | @psgwork.com |
| Milwaukee, WI | Richard | | GM 1st Shift Dispatcher | 414-645 | | 414-645 | @psgwork.com |
| Milwaukee, WI | Johanne | | Onsite-General Mills | 414-645 | | N/ | |
| MVP360 | Miguel | | GM 2nd Shift Dispatcher | 414-645 | | 414-645 | psgwork.com |
| MVP360 | Jordan | | Staffing Specialist | 847-66 | | 888-884 | l@psgwork.com |
| MVP360 | Torena | | MVP360 Administrative | 847-66 | | 888-884 | ela@mvp360staffing.com |
| MVP360 | Michael | | MVP360 Staffing Specialist | 847-66 | | 888-884 | wski@mvp360staffing.com |
| MVP360 | Nicole | | MVP360 Staffing Specialist | 847-66 | | 872-303 | wsk@mvp360staffing.com |
| MVP360 | Sam | | MVP360 Manager | 847-66 | | 888-884 | @mvp360staffing.com |
| MVP360 | Sizai | | MVP360 Intern | | | 888-884 | @mvp360staffing.com |
| Nevada | Maria D | | Dispatcher | 702-293 | | 702-293 | tho@psgwork.com |
| Nevada | Rachel | | Selling Branch Manager | 702-293 | | 702-293 | tho@psgwork.com |
| Northbrook | Andra | | Corporate CS | 847-663 | | | @psgwork.com |
| Northbrook | Bryce | | Business Systems Analyst | N/ | | 888-884 | @psgwork.com |
| Northbrook | Carlos | | Senior Accountant | 847-663 | | 847-562 | @psgwork.com |
| Northbrook | Dani | | Accounting Supervisor | 847-663 | | 847-562 | l@psgwork.com |
| Northbrook | Daniel | Barnett | CEO | 847-663 | | 847-562 | DBarnett@psgwork.com |
| Northbrook | Darron | Grottolo | VP Operations | 847-663 | | 866-524 | DGrottolo@psgwork.com |
| Northbrook | David | Barnett | Executive Assistant | 847-663 | | 847-562 | davidbarnett@psgwork.com |
| Northbrook | Ed | | Compliance Auditor | 919-710 | | 847-562 | @psgwork.com |
| Northbrook | Guadalupe | | Payroll Administrator | 847-663 | | N/ | @psgwork.com |
| Northbrook | Gustavo | | Purchasing Manager | 847-663 | | 847-562 | @psgwork.com |

Updated 11/13/2013

| Branch | First Name | Last Name | Title | Direct | Cell | Fax | Email |
|---|---|---|---|---|---|---|---|
| Raleigh, NC | Mike | | Branch Manager | 919-876 | | 919-876 | @pspwork.com |
| Raleigh, NC | Samantha | | NC Sales Representative | 919-876 | | 919-876 | n@pspwork.com |
| Raleigh, NC | Susan | | Branch Manager | 714-576 | | 919-876 | @pspwork.com |
| Santa Ana, CA | Dave | | Onsite Staffing Coordinator | 714-576 | | 562-394 | za@pspwork.com |
| Santa Ana, CA | Jackie | | Payroll Admin | 714-576 | | 562-394 | os@pspwork.com |
| Santa Ana, CA | Janet | | Recruiter / LI Admin | 714-576 | | 562-394 | @pspwork.com |
| Santa Ana, CA | Josh | | Recruiter / Marketing Spec | 714-576 | | 562-394 | @pspwork.com |
| Santa Ana, CA | Roxanne | | Accounts Manager | 714-576 | | 562-394 | lo@pspwork.com |
| Santa Ana, CA | Teresa | | Safety Director | 847-663 | | 877-296 | er@pspwork.com |
| Safety Dpt. | Bill | | Safety Service Manager | 847-663 | | 877-296 | er@pspwork.com |
| Safety Dpt. | Danny | | Safety Coordinator | N/A | | 877-451 | @pspwork.com |
| Safety Dpt. | John | | Safety Manager | N/A | | 877-451 | @pspwork.com |
| Safety Dpt. | Neila | | Customer Service Rep | 847-663 | | N/A | amp@pspwork.com |
| Sales | Bill | | VP of Sales | N/A | | N/A | @pspwork.com |
| Sales | Jimi | | Sales Representative | N/A | | N/A | @pspwork.com |
| Sales | Laura | | Sales Representative | N/A | | N/A | @pspwork.com |
| Sales | Patty | | Sales Representative | 847-663 | | N/A | @pspwork.com |
| Sales | Stephanie | | Dispatcher | 813-689 | | N/A | os@pspwork.com |
| Tampa, FL | Brenda | | Dispatcher | 813-689 | | N/A | @pspwork.com |
| Tampa, FL | Rita | | Office Admin / Dispatcher | 813-689 | | 813-689 | @pspwork.com |
| Virginia | Enrique | | Clerical 1st & 2nd Shift | 540-238 | | 571-379 | za@pspwork.com |
| Waukegan | Blanca | | BMC Onsite | 847-360 | | 847-360 | @pspwork.com |
| Waukegan | Gabriela | | Office Administrator | 847-360 | | 847-360 | @pspwork.com |
| Waukegan | Ivette | | Branch Manager | 847-360 | | 847-360 | @pspwork.com |
| Waukegan | Josefa | | ABF Onsite | 847-360 | | 847-360 | @pspwork.com |
| Waukegan | Julio | | MGA Onsite | 847-360 | | 847-360 | @pspwork.com |
| Waukegan | Maria | | 1st & 2nd Shift Dispatcher | 847-360 | | 847-360 | @pspwork.com |
| Waukegan | Neyra | | 3rd Shift Dispatcher | 847-360 | | 847-360 | @pspwork.com |
| Waukegan | Norma | | Visual Pak Onsite | 847-360 | | N/A | @pspwork.com |
| Waukegan | Oscar | | Operations Manager | 847-360 | | 847-360 | z@pspwork.com |
| Waukegan | Raul | | Clerical | 847-360 | | 847-360 | @pspwork.com |
| Waukegan | Yessica | | Clerical | 847-360 | | 847-360 | @pspwork.com |
| West Chicago | Cesar | | 2nd Shift Dispatcher | 630-289 | | N/A | @pspwork.com |
| West Chicago | Gloria | | 1st Shift Dispatcher | 630-289 | | 630-289 | @pspwork.com |
| West Chicago | Isela | | Branch Lead / CS Rep | N/A | | N/A | @pspwork.com |

Updated 11/13/2013

| Branch | First Name | Last Name | Title | Direct | Cell | Fax | Email |
|---|---|---|---|---|---|---|---|
| West Palm Beach | Carl | | Operations Manager | 561 | | 561-616 | @psgwork.com |
| West Palm Beach | Chris | | Customer Service Rep | 56 | | N/ | @psgwork.com |
| West Palm Beach | Daniel | | Dispatcher/Payroll | 561 | | 561-616 | @psgwork.com |
| West Palm Beach | Josh | | Customer Service Rep | 561 | | N/ | @psgwork.com |
| West Palm Beach | Mickey | | Payroll Administrator | 561 | | 561-616 | @psgwork.com |
| West Palm Beach | Rafael | | Sales Representative | 561 | | N/ | @psgwork.com |
| West Palm Beach | Ray | | Cust Svc/LI Recruiter | 561 | | 561-616 | @psgwork.com |
| West Palm Beach | Rose | | Payroll Administrator | 561 | | 561-616 | @psgwork.com |
| West Palm Beach | Tristan | | Marketing | | | N/ | @psgwork.com |
| Workforce/ Cicero | Esmeralda | | Cust Service Rep | 708 | | N/ | @useworkforce.com |
| Workforce/ Cicero | Rosalba | | Job Coordinator | 708 | | 708-652 | @useworkforce.com |
| Workforce/ Cicero | Elizabeth | | Job Coordinator | 708 | | 708-652 | @useworkforce.com |
| Workforce/ Cicero | Angelica | | Office Administrator | 847 | | 708-652 | useworkforce.com |
| Workforce/ Cicero | Conor | | Branch Manager | 847-459-8539 | | 847-459-8665 | @useworkforce.com |
| Workforce/Prospect | Soledad | | 1st Shift Dispatcher | 847-459-8539 | | 847-459-8665 | @psgwork.com |
| Workforce/Prospect | Brenda | | 1st Shift Dispatcher | 847-459-8539 | | 847-459-8665 | @psgwork.com |
| Workforce/Prospect | Nancy | | 2nd Shift Dispatcher | 847-459-8539 | | 847-459-8665 | @psgwork.com |
| Workforce/Prospect | Otelia | | 3rd Shift Dispatcher | 847-459-8539 | | 847-459-8665 | @psgwork.com |
| Workforce/Prospect | Isela | | Customer Service Rep | 847-459-8539 | | 847-459-8665 | @psgwork.com |

Updated 11/13/2013

# ATTACHMENT 2

11:54 AM 1/18/2012

## - Administration Staff & Locations -

**Northbrook**

666 Dundee Rd Suite 201 - Northbrook, IL 60062

Ph# (847) 663-4300 / Fax (847) 562-0422 / Fax (847) 562-0423

Internal Payroll E-Fax # (866) 431-6954 or Email address:  TimeIPS@barnettmgmt.com

| Name | Title | Phone | Email |
|---|---|---|---|
| Danny Barnett | Owner / Chairman | 847- | dbarnett@barnettmgmt.com |
| Darron Grottolo | Illinois Operations Manager | Direct Cell - | Dgrottolo@barnettmgmt.com |
| Guadalupe | Elmwood/NC/AGI/Segerdahl/WI Payroll | Direct Cell - | @mvptemp.com |
| Gustavo | Purchasing Director | Direct Cell - | @mvptemp.com |
| Irma | Atlanta/Cicero/Joliet/MS Payroll | Direct Cell - | @barnettmgmt.com |
| Lineta | Credit Manager | Direct Cell - | @barnettmgmt.com |
| Lucy | GNC/Prospect/Hanover Payroll | Direct Cell - | @barnettmgmt.com |
| Melissa | Workforce / Hotel Staffing Payroll | Direct Cell - | @mvpworkforce.com |
| Monika | Controller | Direct Cell - | @barnettmgmt.com |
| Rose | Payroll Supervisor | Direct Cell - | @barnettmgmt.com |
| Silvia | Receptionist | Direct Cell - | @barnettmgmt.com |
| Steve | CFO | Direct Cell | @barnettmgmt.com |
| Waleska | Waukegan/NV  Payroll | Direct Cell - | @barnettmgmt.com |
| Yaneth | Accounts Payable | Direct Cell - | @barnettmgmt.com |

**Oak Brook**

1200 Harger Rd - Suite 820 - Oak Brook, IL 60523

Ph# (630) 218-1000 / Fax (630) 573-0901

| Name | Title | Phone | Email |
|---|---|---|---|
| Elijah | President | 773- | @mvptemp.com |
| Elijah | | 866- | |
| Nathanael | | 773-858-8163 | @mvptemp.com |
| Nathanael | | 866-380-1469 | |
| Jullie | Workers Comp Admin | | @mvptemp.com |
| Omayra | Workers Comp Admin | 773-532-9558 | @mvptemp.com |
| Omayra | | 866-278-3565 | |

**Safety Division**

| Name | Title | Phone | Email |
|---|---|---|---|
| Bill | Safety Director | Direct Cell | @mvptemp.com |
| Danny | Safety Director | | @mvptemp.com |
| Heila | Safety Manager | Direct Cell - | @barnettmgmt.com |

**Sales / Cust Svc Reps**

| Name | Title | Phone | Email |
|---|---|---|---|
| Aracelie | Customer Service | | @mvptemp.com |
| Bill | | | @barnettmgmt.com |
| Brady | Hotel Staffing Sales | | @helpstaffhotels.com |
| Ed | North Carolina Sales | | l@barnettmgmt.com |
| Jim | Sales Manager | | @mvptemp.com |
| Laura | Sales | | @mvptemp.com |
| Leticia | Customer Service | | |
| Lissette | Operations Manager | | @mvptemp.com |
| Patty | Sales | | @barnettmgmt.com |
| Stephanie | Sales | | @mvptemp.com |

## - MVP / Illinois Staff & Locations -



### Cicero (Loc. 1)
5637 W. Roosevelt Rd - Cicero, IL 60804
Ph# (708) 656-4166 /E-Fax (847) 725-0038 / TimeCIC@mvptemp.com
Alternative Fax (708) 656-4429
Payroll Admin / Irma

| Name | Title | Email |
|---|---|---|
| Maribel | 1st Shift Dispatcher | @mvptemp.com |
| Monica | 1st Shift Dispatcher | @mvptemp.com |
| Esther | 2nd Shift Dispatcher | @mvptemp.com |
| Yesenia | 3rd Shift Dispatcher | @mvptemp.com |
| Jose | Driver | |
| Vicente | Driver | |

### Elmwood Park (Loc. 2)
7514 ½ W. North Ave. - Elmwood Park, IL 60707
Ph# (708) 456-3400 / E-Fax # (847) 725-0037 / TimeEP@mvptemp.com
Alternative Fax (708) 456-3434
Payroll Admin / Lupe

| Name | Title | Email |
|---|---|---|
| Arcelia | 1st Shift Dispatcher | @mvptemp.com |
| Jose | Driver | |
| Yaneth | 2nd Shift Dispatcher | @mvptemp.com |

### Hanover Park (Loc. 12)
1601 Tanglewood Ave Ste 100 - Hanover Park, IL 60133
Ph# (630) 289-3680 / E-Fax (847) 725-0036 / TimeHP@mvptemp.com
Alternative Fax (630) 289-3684
Payroll Admin /Lucy

| Name | Title | Email |
|---|---|---|
| Abby | 2nd Shift Dispatcher | @mvptemp.com |
| Eve | 1st Shift Dispatcher | @mvptemp.cdom |
| Laura | Bi_Link Onsite | @mvptemp.com |

### Joliet (Loc. 4)
2551 Division Suite 101 - Joliet, IL 60435
Ph# (815) 744-5660 / E-Fax (847) 725-0039 / TimeJOL@mvptemp.com
Alternative Fax (815) 744-5790
Payroll Admin /Irma

| Name | Title | Email |
|---|---|---|
| Janet | 1st Shift Dispatcher | @mvptemp.com |
| Randy | Branch Manager | @mvptemp.com |
| Sandra | 2nd Shift Dispatcher | @mvptempc.com |

### Prospect Hts. (Loc. 11)
65 E. Palatine Rd Suite 213 - Prospect Heights, IL 60070
Ph# (847) 459-8539 / E-Fax (847) 626-9641 / TimePH@mvptemp.com
Alternative Fax (847) 459-8665
Payroll Admin / Lucy
GNC Payroll / Wally
Segerdahl Payroll / Lupe

| Name | Title | Email |
|---|---|---|
| Ariel | Segerdahl Onsite | @mvptemp.com |
| Brenda | 2nd Shift Dispatcher | @mvptemp.com |
| David | Branch Manager | @barnettmgmt.com |
| Ofelia | 3rd Shift Dispatcher | |
| Soledad | 1st Shift Dispatcher | @mvptemp.com |

### Waukegan (Loc. 3)
2151 Belvidere Road - Waukegan, IL 60085
Ph# (847) 360-9749 / E-Fax (847) 897-2058 / timeWAU@mvptemp.com
Alternative Fax (847) 360-0840
Payroll Admin / Wally

| Name | Title | Email |
|---|---|---|
| Ivette | Clerical | @mvptemp.com |
| Josefa | Branch Manager | @mvptemp.com |
| Julio | Onsite - ABF, Trifinity | @mvptemp.com |
| Neyra | Clerical | @mvptemp.com |
| Norberto | Dispatcher | @mvptemp.com |
| Oscar | Onsite Coordinator | |
| Patricia | Bolke Coordinator | @mvptemp.com |
| Raul | Operations Manager | @mvptemp.com |

# EXHIBIT D



WWW.*CYBER*DRIVEILLINOIS.COM

JESSE WHITE
SECRETARY OF STATE

## LLC FILE DETAIL REPORT

| Entity Name | PERSONNEL STAFFING GROUP, LLC | File Number | 01883909 |
|---|---|---|---|
| Status | ACTIVE | On | 04/22/2015 |
| Entity Type | LLC | Type of LLC | Foreign |
| File Date | 06/12/2006 | Jurisdiction | FL |
| Agent Name | CARTER A KOREY | Agent Change Date | 10/28/2010 |
| Agent Street Address | 20 S CLARK #500 | Principal Office | 666 DUNDEE RD STE 201 NORTHBROOK, IL 60062 |
| Agent City | CHICAGO | Management Type | MBR  View |
| Agent Zip | 60603 | Duration | PERPETUAL |
| Annual Report Filing Date | 04/22/2015 | For Year | 2015 |
| Assumed Name | ACTIVE - MVP<br>INACTIVE - ALLIANCE HR<br>ACTIVE - MVP 360<br>INACTIVE - HOTEL STAFFING SOLUTIONS<br>ACTIVE - MOST VALUABLE PERSONNEL<br>INACTIVE - MVP USA<br>INACTIVE - PAY SOURCE<br>INACTIVE - INTERACTIVE PROJECT SOLUTIONS<br>INACTIVE - COMPLETE TEMPORARY LABOR<br>INACTIVE - HOTEL STAFFING SOLUTIONS<br>INACTIVE - MOST VALUABLE PERSONNEL | | |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Select Certificate of Good Standing for Purchase

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



OFFICE OF THE ILLINOIS SECRETARY OF STATE

JESSE WHITE
SECRETARY OF STATE

## LLC MEMBERS

| Entity Name | PERSONNEL STAFFING GROUP, LLC | File Number | 01883909 |
|---|---|---|---|

| Name | Address |
|---|---|
| BARNETT, DANIEL S | 1751 LAKE COOK ROAD, SUITE 600, DEERFIELD, IL - 60015 |

**Close**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# EXHIBIT E



WWW.CYBERDRIVEILLINOIS.COM

JESSE WHITE
SECRETARY OF STATE

## LLC FILE DETAIL REPORT

| Entity Name | MVP WORKFORCE, LLC | File Number | 02577429 |
|---|---|---|---|
| Status | ACTIVE | On | 09/28/2015 |
| Entity Type | LLC | Type of LLC | Foreign |
| File Date | 10/03/2008 | Jurisdiction | DE |
| Agent Name | JOEL G SHAPIRO, ESQ. | Agent Change Date | 09/25/2013 |
| Agent Street Address | 150 S WACKER DR SUITE 1500 | Principal Office | 666 DUNDEE RD STE 103 NORTHBROOK, IL 60062 |
| Agent City | CHICAGO | Management Type | MGR View |
| Agent Zip | 60606 | Duration | PERPETUAL |
| Annual Report Filing Date | 09/28/2015 | For Year | 2015 |
| Assumed Name | INACTIVE - HOTEL STAFFING SOLUTIONS ACTIVE - WORKFORCE LLC | | |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen          Select Certificate of Good Standing for Purchase

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



## LLC MANAGERS

| Entity Name | MVP WORKFORCE, LLC | File Number | 02577429 |
|---|---|---|---|

| Name | Address |
|---|---|
| GOULD, LAWRENCE | 666 DUNDEE RD STE 103, NORTHBROOK, IL - 60062 |
| BARNETT, DANIEL | 666 DUNDEE RD STE 103, NORTHBROOK, IL - 60062 |

**Close**

# EXHIBIT F

## 2010 DAY & TEMPORARY LABOR SERVICE AGENCY APPLICATION

RECEIVED

Illinois Department of Labor
Fair Labor Standards Division
160 North LaSalle, Suite C-1300
Chicago, IL 60601-3150
Telephone #: (312) 793-2804 - Fax #: (312) 814-1210

DEC 2 9 2009

Illinois Department of Labor
CHICAGO OFFICE

| Office Use Only |
|---|
| Date Received: |

**TYPE OF APPLICATION:** ☐ New   ☒ Renewal

**APPLICATION IS HEREBY MADE ON BEHALF OF:**
(If a corporation, please attach a copy of the current articles of incorporation and the current by-laws)
(If a L.L.C., please attach a copy of articles of organization, and the operating agreement)

| | | | |
|---|---|---|---|
| ☐ Corporation | Name: | Fein# | |
| ☐ Sole Proprietorship | Name: | Fein#/SS# | |
| ☐ Partnership | Name: | Fein# | |
| ☒ Limited Liability Company (L.L.C.) | Name: PERSONNEL STAFFING GROUP LLC d/b/a MOST VALUABLE PERSONNEL | Fein# | 01 0759364 |
| ☐ Other | | Fein#/SS# | |

What Was Your First Date of Operation? 6/1/06

| Name Under Which Business Will Operate: | MOST VALUABLE PERSONNEL |
|---|---|
| Street Address (Not a P. O. Box): | 6066 DUNDEE RD |

| | | County: | LAKE |
|---|---|---|---|
| City: | NORTHBROOK | State: IL | Zip Code: 60062 |

| E-Mail Address: | ewilde @ mvptemp.com |
|---|---|

List all telephone numbers used by the agency, all incoming and outgoing lines (attach an additional sheet of paper if necessary):

| Telephone #: | 847 663 4300 | Telephone #: | |
|---|---|---|---|
| Telephone #: | 847 663 4303 | Fax #: | 847 562 0422 |

List any other business owned or operated in whole or in part (attach an additional sheet of paper if necessary):

☒ Private Employment Agency   ☐ Other (please specify):

| Name: | MVP WORKFORCE LLC | | |
|---|---|---|---|
| City: | NORTHBROOK | State: IL | Zip Code: 60062 |
| Telephone #: | 847 663 4300 | Fax #: | 847 562 0422 |

Has this agency ever been licensed under another name(s)? If yes, please provide name(s):

Approximate #of individuals/laborers the Day & Temporary Labor Service Agency intends to employ 800

| Type of Facilities Served: | WAREHOUSE, PACKAGING, ASSEMBLY |
|---|---|

Total Number of W-2s to be Mailed January 2010 9000

What was the date when first individuals/laborers dispatched to a Third Party Employer? 6/1/06

Revised as of 10/05/2009                                        Page 1 of 5

Expiring:

Fee Received:

Check #:

| List your Illinois Unemployment Insurance Account Number issued by the Illinois Department of Employment Security. | UI Account Number:<br>*4404203* |
|---|---|

| Will any form of transportation be provided? No ☐ Yes ☒ | If yes, please provide proof of financial responsibility pursuant to Chapter 8 of the Illinois Vehicle Code (a copy of your insurance policy must be enclosed). |
|---|---|

| *List your Workers' Compensation Insurance Carrier (*Provide the following information: name of insurance carrier, policy number and the dates of coverage or if you are a self-insured company, a copy of the certificate of approval issued by the Illinois Workers' Compensation Commission.). | *Dallas National*<br>(Insurance Carrier)<br>Policy # *DWC 02 000506*<br>Policy effective from *6/30/09* to *6/30/10* |
|---|---|

The person who is to have the general management of the agency is:

| Name: | |
|---|---|
| Address: | |
| City: | State: | Zip Code: |
| Telephone: | Fax #: |

Registered Agent: ☐ Corporate    ☐ LLC

| Name: | *George Saenz* |
|---|---|
| Address: | *45 sw 24 rd* |
| City: | *Miami* | State: *FL* | Zip Code: *33129* |
| Telephone: | *305 856 4924* | Fax #: |

Applicant is:

1. ☐ An Individual, and will conduct his/her agency as a sole proprietorship:

| Name: | |
|---|---|
| Address: | |
| City: | State: | Zip Code: |

2. ☐ A Partnership, list names of all managing partners (attach additional sheets if needed):

| Name: | |
|---|---|
| Address: | |
| City: | State: | Zip Code: |

3.. ☒ A Limited Liability Company originated and existing under the laws of the State of *FL*, and if a foreign L.L.C., said L.L.C. is admitted to do business in Illinois.

List all Managers of the L.L.C. (attach additional sheets if necessary).

| Manager: | Daniel Barrett | | | | |
|---|---|---|---|---|---|
| Address: | 176 Forest Ave | | | | |
| City: | Winnetka | State: | IL | Zip Code: | 60093 |
| Telephone #: | 847 6634300 | Fax #: | | | 847 5620422 |

| Manager: | | | | | |
|---|---|---|---|---|---|
| Address: | | | | | |
| City | | State: | | Zip Code | |
| Telephone #: | | Fax #: | | | |

| Manager: | | | | | |
|---|---|---|---|---|---|
| Address: | | | | | |
| City: | | State: | | Zip Code: | |
| Telephone #: | | Fax #: | | | |

| Manager: | | | | | |
|---|---|---|---|---|---|
| Address: | | | | | |
| City: | | State: | | Zip Code: | |
| Telephone #: | | Fax #: | | | |

| Manager: | | | | | |
|---|---|---|---|---|---|
| Address: | | | | | |
| City: | | State: | | Zip Code: | |
| Telephone #: | | Fax #: | | | |

| Manager: | | | | | |
|---|---|---|---|---|---|
| Address: | | | | | |
| City: | | State: | | Zip Code: | |
| Telephone #: | | Fax #: | | | |

| Manager: | | | | | |
|---|---|---|---|---|---|
| Address: | | | | | |
| City: | | State: | | Zip Code: | |
| Telephone #: | | Fax #: | | | |

| Manager: | | | | | |
|---|---|---|---|---|---|
| Address: | | | | | |
| City: | | State: | | Zip Code: | |
| Telephone #: | | Fax #: | | | |

4. ☐ A Corporation, incorporated under the laws of the State of _____

on_____, _____, and if a foreign corporation is authorized to business in the state of Illinois.

List officers and shareholders owning more than five percent (5%) of the corporation's stock (attach additional sheets if necessary).

| President: | | | | | |
|---|---|---|---|---|---|
| Address: | | | | | |
| City: | | State: | | Zip Code: | |
| Telephone #: | | % of stock owned: | | | |
| CEO: | | | | | |
| Address: | | | | | |
| City | | State: | | Zip Code | |
| Telephone#: | | % of stock owned | | | |
| Secretary: | | | | | |
| Address: | | | | | |
| City: | | State: | | Zip Code: | |
| Telephone #: | | % of stock owned: | | | |
| Treasurer: | | | | | |
| Address: | | | | | |
| City: | | State: | | Zip Code: | |
| Telephone #: | | % of stock owned: | | | |

The undersigned certifies and affirms that he/she has read and understands the contents of this application and shall abide by all terms and conditions stated in any part of the form (instructions, filing requirements and licensing information) and that the undersigned is an owner or manager of the business and is sufficiently familiar with the ownership, management, control and other aspects of the business to accurately and completely fill out the form. **Also affirms that the undersigned is not operating or transacting business at a location within 1,000 feet of a school building or a building in which a Boys and Girls Club is located; or real property comprising a school or a Boys and Girls Club in a municipality with more than 1,000,000 inhabitants unless registered with the Department of Labor prior to January 1, 2008 and received an occupancy permit for a location from a municipality prior to January 1, 2008.** Further, the undersigned swears or affirms that the information provided is true and current at the time of the signing and that the person signing is authorized to do so.

The undersigned certifies that the applicant is an individual 18 years of age or older. The undersigned certifies that the applicant is in compliance with the Illinois Wage Payment and Collection Act (820 ILCS 115) and state and federal laws relating to employee compensation and overtime compensation (Illinois Minimum Wage Law, 820 ILCS 105), social security taxes, state and federal income taxes, workers' compensation (Workers' Compensation Act 820 ILCS 305), and unemployment taxes (Unemployment Insurance Act, 820 ILCS 405).

Check one only: ☐ Sole Owner ☐ Partner ☐ Authorized Corporate Officer ☒ Manager

| Signature: | ████████████ | |
|---|---|---|
| Name: | DANIEL BARNETT | OFFICIAL SEAL NATHANAEL N WILDE NOTARY PUBLIC - STATE OF ILLINOIS MY COMMISSION EXPIRES:██████ |
| Title: | CHAIRMAN | |
| Date: | 10·15·09 | |

**This application or renewal must be accompanied by a certified check, cashier's check or money order in the amount of $1,000 for each agency and $250 for each office location listed on pages 5-, and any additional pages.**

List the name and location of each office from which services will be provided and name of the person in charge of its office (attach additional sheets of paper if necessary):

| Name: | MVP | Person Name: | david barrett |
|---|---|---|---|
| Address: | 65 e Palatine Rd #213 | | |
| City: | Prospect Heights | State: IL | Zip Code: 60070 |
| Telephone #: | 847 459 8539 | Fax #: | 847 459 8665 |

| Name: | MVP | Person Name | Samantha Cuenca |
|---|---|---|---|
| Address: | 5637 W Roosvelt | | |
| City: | Cicero | State: IL | Zip Code: 60804 |
| Telephone #: | 708 656 4166 | Fax #: | 708 656 4299 |

| Name: | MVP | Person Name | Ray Romero |
|---|---|---|---|
| Address: | 1641 Irving Park Rd | | |
| City: | Hanover Park | State: IL | Zip Code: 60133 |
| Telephone #: | 630 289 3680 | Fax #: | 630 289 3684 |

| Name: | MVP | Person Name | GUSTAVO Aguirre |
|---|---|---|---|
| Address: | 2434 N Harlem | | |
| City: | Elmwood Park | State: IL | Zip Code: 60707 |
| Telephone #: | 708 456 3400 | Fax #: | 708 456 3434 |

| Name: | MVP | Person Name | Randy Giovannelli |
|---|---|---|---|
| Address: | 2551 Division #106 | | |
| City: | Joliet | State: IL | Zip Code: 60435 |
| Telephone #: | 815 744 5660 | Fax #: | 815 744 5790 |

| Name: | MVP | Person Name | Josefa Rodriguez |
|---|---|---|---|
| Address: | 2151 Belvidere Rd | | |
| City: | Waukegan | State: IL | Zip Code: 60085 |
| Telephone #: | 847 360 9749 | Fax #: | 847 360 0840 |

| Name: | HOTEL STAFFING Solutions | Person Name | BRADY Isaacson |
|---|---|---|---|
| Address: | 65 e Palatine Rd #213 | | |
| City: | Prospect Heights | State: IL | Zip Code: 60070 |
| Telephone #: | 847 459 8539 | Fax #: | 847 459 8665 |



**INSCO INSURANCE SERVICES, INC.**
Underwriting Manager for:
Developers Surety and Indemnity Company
Indemnity Company of California
17780 Fitch, Suite 200 • Irvine, California 92614 • (949) 263-3300
www.InscoDico.com

## CONTINUATION CERTIFICATE

In Consideration of the premium charged, DEVELOPERS SURETY AND INDEMNITY COMPANY

_____ , as surety, hereby continues in force

Bond No. 772043C _____ dated 12/31/08 _____ in the amount of _____

FIVE THOUSAND _____ Dollars ($5,000.00 _____ )

on behalf of PERSONNEL STAFFING GROUP, LLC _____, as Principal,

in favor of ILLINOIS DEPARTMENT OF LABOR _____ , as obligee

for the period beginning DECEMBER 31,2009 _____ and ending

DECEBMER 31,2010 _____ subject to all the terms and conditions of said bond:

PROVIDED that the liability of DEVELOPERS SURETY AND INDEMNITY COMPANY _____ ,as surety,
shall not exceed in the aggregate the amount above written, whether the loss shall have occurred during
the terms of said bond or during any continuation or continuations thereof, or partly during said term and
partly during any continuation or continuation thereof.

Signed, sealed and dated this 28th _____ day of December _____ , 2009 .
                                                                                                                  ▸EAR▸

                                        DEVELOPERS SURETY AND INDEMNITY COMPANY ____
                                                                                        Surety

                    By: _____████████████████████_____
                           Stephanie C. Anderson                    , Attorney-in-Fact

ID-1396-REV 5-01-

**POWER OF ATTORNEY FOR
DEVELOPERS SURETY AND INDEMNITY COMPANY
PO Box 19725 IRVINE CA 92623 (949) 263-3300**

KNOW ALL MEN BY THESE PRESENTS, that except as expressly limited, DEVELOPERS SURETY AND INDEMNITY COMPANY, do each, hereby make, constitute and appoint:

## ***Stephanie C. Anderson, John Davis, James F. Nielsen, jointly or severally***

as their true and lawful Attorney(s)-in-Fact, to make, execute, deliver and acknowledge, for and on behalf of said corporations, as sureties, bonds, undertakings and contracts of surety-ship giving and granting unto said Attorney(s)-in-Fact full power and authority to do and to perform every act necessary, requisite or proper to be done in connection therewith as each of said corporations could do, but reserving to each of said corporations full power of substitution and revocation, and all of the acts of said Attorney(s)-in-Fact, pursuant to these presents are hereby ratified and confirmed.

This Power of Attorney is granted and is signed by facsimile under and by authority of the following resolutions adopted by the respective Board of Directors of DEVELOPERS SURETY AND INDEMNITY COMPANY, effective as of January 1st, 2008.

RESOLVED, that the chairman of the Board, the President and any Vice President of the corporation be, and that each of them hereby is, authorized to execute Powers of Attorney qualifying the attorney(s) named in the Powers of Attorney to execute, on behalf of the corporations, bonds, undertakings and contracts of suretyship; and that the Secretary or any Assistant Secretary of the corporations be, and each of them hereby is, authorized to attest the execution of any such Power of Attorney.

RESOLVED FURTHER, that the signatures of such officers may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures shall be valid and binding upon the corporations when so affixed and in the future with respect to any bond, undertaking or contract of suretyship to which it is attached.

IN WITNESS WHEREOF, DEVELOPERS SURETY AND INDEMNITY COMPANY have severally caused these presents to be signed by their respective Vice President and attested by their respective Assistant Secretary this January 1st, 2008.



By _____
    Daniel Young, Vice President

By _____
    Gregg Okura, Assistant Secretary

State of California
County of Orange

On ____ August 13th, 2008 ____ before me ____ Jenny TT Nguyen, Notary Public
                Date                                    Here Insert Name and Title of the Officer

personally appeared ____ Stephen T Pate and Gregg Okura
                                        Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**JENNY TT NGUYEN
COMM. # 1791640
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires Feb. 18, 2012**

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Place Notary Seal Above

### CERTIFICATE

The undersigned, as Senior Vice President of DEVELOPERS SURETY AND INDEMNITY COMPANY, does hereby certify that the foregoing Power of Attorney remains in full force and has not been revoked, and furthermore, that the provisions of the resolutions of the respective Boards of Directors of said corporations set forth in the Power of Attorney are in force as of the date of this Certificate.

This Certificate is executed in the City of Irvine, California, the 28 day of December, 20 __.

By _____
    Stephen T Pate, Senior Vice President

ID-1438(Wet)Rev. 10/11)

# EXHIBIT G

# DAY & TEMPORARY LABOR SERVICES AGENCY APPLICATION

**Illinois Department of Labor**
Fair Labor Standards Division
160 North LaSalle, Suite C-1300
Chicago, IL 60601-3150

DOL.DayLabor@illinois.gov - Phone: (312) 793-7783 - Fax (312) 814-1210

RECEIVED
DEC 24 2015
Illinois Dept. of Labor
CHICAGO OFFICE

| Office Use Only |
|---|
| Date Received |

**TYPE OF APPLICATION:** ☐ New  ☒ Renewal

**APPLICATION IS HEREBY MADE ON BEHALF OF:**
(If a corporation, please attach a copy of the current articles of incorporation and the current by-laws)
(If a L.L.C., please attach a copy of articles of organization, and the operating agreement)

| | | | |
|---|---|---|---|
| ☐ Corporation | **Name** | | Fein# |
| ☐ Sole Proprietorship | **Name** | | Fein#/SS# |
| ☐ Partnership | **Name** | | Fein# |
| ☒ Limited Liability Company (L.L.C.) | **Name** PERSONNEL STAFFING GROUP, LLC | | Fein# 01-0759364 |
| ☐ Other | | | Fein#/SS# |

| | |
|---|---|
| What Was Your First Date of Operation? 6/1/06 | |
| Name Under Which Business Will Operate | MOST VALUABLE PERSONNEL (MVP) |
| Street Address (Not a PO Box) | 1751 LAKE COOK ROAD #600  New add |

| | | | | |
|---|---|---|---|---|
| | | County | | COOK |
| City | DEERFIELD | State | IL | Zip Code 60015 |
| E-Mail Address | ewilde@mvpstaffing.com | | | |

List all telephone numbers used by the agency, all incoming and outgoing lines (attach an additional sheet of paper if necessary):

| Telephone # | 847-663-4300 | Telephone # | |
|---|---|---|---|
| Telephone # | | Fax # | |

List any other business owned or operated in whole or in part (attach an additional sheet of paper if necessary)

☒ Private Employment Agency  ☐ Other (please specify):

| Name | MVP WORKFORCE LLC | | | |
|---|---|---|---|---|
| City | DEERFIELD | State | IL | Zip Code 60015 |
| Telephone #: | 847-663-4316 | Fax # | | |

Has this agency ever been licensed under another name(s)? If yes, please provide name(s):

Approximate #of individuals/laborers the Day & Temporary Labor Service Agency intends to employ  10000

Type of Facilities Served: OFFICE, WAREHOUSE, PRODUCTION

Total Number of W-2s to be Mailed January 2016  10000

Expiring | Fee Received | Check #

What was the date when first individuals/laborers dispatched to a Third Party Employer? 6/1 / 06

| List your Illinois Unemployment Insurance Account Number issued by the Illinois Department of Employment Security. | UI Account Number: 4404203 |
|---|---|

| Will any form of transportation be provided? No [X] Yes [ ] | If yes, please provide proof of financial responsibility pursuant to Chapter 8 of the Illinois Vehicle Code (a copy of your insurance policy must be enclosed). |
|---|---|

| *List your Workers' Compensation Insurance Carrier (*Provide the following information: name of insurance carrier, policy number and the dates of coverage or if you are a self-insured company, a copy of the certificate of approval issued by the Illinois Workers' Compensation Commission.) | ZURICH (Insurance Carrier) Policy # WC466477304 Policy effective from 6/30/15 to 6/30/16 |
|---|---|

**The person who is to have the general management of the agency is:**

| Name | PETER RODMAN | | | | |
|---|---|---|---|---|---|
| Address | 1751 LAKE COOK ROAD #600 | | | | |
| City | DEERFIELD | State | IL | Zip Code | 60015 |
| Telephone | 847-663-4300 | Fax # | | | |

**Registered Agent**   [ ] Corporate   [ ] LLC

| Name | GEORGE SAENZ | | | | |
|---|---|---|---|---|---|
| Address | 350 S MIAMI AVE #1102 | | | | |
| City | MIAMI | State | FL | Zip Code | 33130 |
| Telephone | 305-801-8760 | Fax # | 305-424-9495 | | |

**Applicant is:**

1. [ ] An Individual, and will conduct his/her agency as a sole proprietorship

| Name | | | | | |
|---|---|---|---|---|---|
| Address | | | | | |
| City | | State | | Zip Code | |

2. [ ] A Partnership, list names of all managing partners (attach additional sheets if needed)

| Name | | | | | |
|---|---|---|---|---|---|
| Address | | | | | |
| City | | State | | Zip Code | |

3. ☒ A Limited Liability Company originated and existing under the laws of the State of _____FL_____, and if a foreign L.L.C., said L.L.C. is admitted to do business in Illinois.

**List all Managers of the L.L.C.** (attach additional sheets if necessary).

| Manager | DANIEL BARNETT | | | | |
|---|---|---|---|---|---|
| Address | 1751 LAKE COOK ROAD #600 | | | | |
| City | DEERFIELD | State | IL | Zip Code: | 60015 |
| Telephone # | 847-663-4300 | Fax # | | | |
| Manager | | | | | |
| Address | | | | | |
| City | | State | | Zip Code | |
| Telephone # | | Fax # | | | |
| Manager | | | | | |
| Address | | | | | |
| City | | State | | Zip Code: | |
| Telephone # | | Fax # | | | |
| Manager | | | | | |
| Address | | | | | |
| City | | State | | Zip Code: | |
| Telephone # | | Fax # | | | |
| Manager | | | | | |
| Address | | | | | |
| City | | State | | Zip Code: | |
| Telephone # | | Fax # | | | |
| Manager | | | | | |
| Address | | | | | |
| City | | State | | Zip Code: | |
| Telephone # | | Fax # | | | |
| Manager | | | | | |
| Address | | | | | |
| City | | State | | Zip Code: | |
| Telephone # | | Fax # | | | |
| Manager | | | | | |
| Address | | | | | |
| City | | State | | Zip Code: | |
| Telephone # | | Fax # | | | |

4. ☐ A Corporation, incorporated under the laws of the State of _____

on _____, _____, and if a foreign corporation is authorized to business in the state of Illinois.

List officers and shareholders owning more than five percent (5%) of the corporation's stock (attach additional sheets if necessary).

| President | |
|---|---|
| Address | |

| City | | State | | Zip Code: | |
|---|---|---|---|---|---|
| Telephone # | | % of stock owned | | | |

| CEO | |
|---|---|
| Address | |

| City | | State | | Zip Code | |
|---|---|---|---|---|---|
| Telephone# | | % of stock owned | | | |

| Secretary | |
|---|---|
| Address | |

| City | | State | | Zip Code: | |
|---|---|---|---|---|---|
| Telephone # | | % of stock owned | | | |

| Treasurer | |
|---|---|
| Address | |

| City | | State | | Zip Code: | |
|---|---|---|---|---|---|
| Telephone # | | % of stock owned | | | |

The undersigned certifies and affirms that he/she has read and understands the contents of this application and shall abide by all terms and conditions stated in any part of the form (instructions, filing requirements and licensing information) and that the undersigned is an owner or manager of the business and is sufficiently familiar with the ownership, management, control and other aspects of the business to accurately and completely fill out the form. Also affirms that the undersigned is not operating or transacting business at a location within 1,000 feet of a school building or a building in which a Boys and Girls Club is located; or real property comprising a school or a Boys and Girls Club in a municipality with more than 1,000,000 inhabitants unless registered with the Department of Labor prior to January 1, 2008 and received an occupancy permit for a location from a municipality prior to January 1, 2008. Further, the undersigned swears or affirms that the information provided is true and current at the time of the signing and that the person signing is authorized to do so.

The undersigned certifies that the applicant is an individual 18 years of age or older. The undersigned certifies that the applicant is in compliance with the Illinois Wage Payment and Collection Act (820 ILCS 115) and state and federal laws relating to employee compensation and overtime compensation (Illinois Minimum Wage Law, 820 ILCS 105), social security taxes, state and federal income taxes, workers' compensation (Workers' Compensation Act 820 ILCS 305), and unemployment taxes (Unemployment Insurance Act, 820 ILCS 405).

Check one only: ☐ Sole Owner ☐ Partner ☒ Authorized Corporate Officer ☐ Manager

| Signature | ████████ |
|---|---|
| Name | E WILDE |
| Title | PRESIDENT |
| Date | 12-20-15 |

**This application or renewal must be accompanied by a certified check, cashier's check or money order in the amount of $1,000 for each agency and $250 for each office location listed on pages 5-, and any additional pages.**

| Personnel Staffing Group, LLC | Most Valuable Personnel | 226 S. Sheridan Rd. | Waukegan | IL | 60085 |
|---|---|---|---|---|---|
| Personnel Staffing Group, LLC | Most Valuable Personnel | 2551 Division, Suite 106 | Joliet | IL | 60435 |
| Personnel Staffing Group, LLC | Most Valuable Personnel | 5637 W. Roosevelt Rd. | Cicero | IL | 60804 |
| Personnel Staffing Group, LLC | Most Valuable Personnel | 237 Cedar Lake Rd. | Round Lake | IL | 60073 |

THESE LOCATIONS WERE TRANSFERRED TO ELITE STAFFING.

WE ARE NO LONGER OPERATING FROM THEM.

THIS SHEET IS INCLUDED AS AN FYI SO YOU KNOW WHY WE ARE NOT RENEWING THEM.

List the name and location of each office from which services will be provided and name of the person in charge of its office (attach additional sheets of paper if necessary)

| Name | *B* | Person Name | PETER RUDMAN |
| Address | 7514 B W. NORTH AVE OK | | |
| City | ELMWOOD PARK | State | IL | Zip Code | 60707 |
| Telephone # | | Fax # | |

| Name | *B* | Person Name | PETER RUDMAN |
| Address | 9777 GRAND AVE New add | | |
| City | FRANKLIN PARK | State | IL | Zip Code | 60131 |
| Telephone # | | Fax # | |

| Name | | Person Name | |
| Address | | | |
| City | | State | | Zip Code | |
| Telephone # | | Fax # | |

| Name | | Person Name | |
| Address | | | |
| City | | State | | Zip Code | |
| Telephone # | | Fax # | |

| Name | | Person Name | |
| Address | | | |
| City | | State | | Zip Code | |
| Telephone # | | Fax # | |

| Name | | Person Name | |
| Address | | | |
| City | | State | | Zip Code | |
| Telephone # | | Fax # | |

| Name | | Person Name | |
| Address | | | |
| City | | State | | Zip Code | |
| Telephone # | | Fax # | |

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
11/12/2015

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Chris Ernstes |
|---|---|
| Assurance Agency, Ltd.<br>One Century Centre<br>1750 E. Golf Road<br>Schaumburg IL 60173- | PHONE (A/C, No, Ext):(312) 625-5656  FAX (A/C, No):(847) 440-9126<br>E-MAIL ADDRESS:cernstes@assuranceagency.com |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURED<br>Personnel Staffing Group, LLC<br>dba MVP<br>666 Dundee Road, Suite 201<br>Northbrook IL 60062 | INSURER A :Zurich American Insurance Co | 16535 |
| | INSURER B :Philadelphia Indemnity Ins Co | 18058 |
| | INSURER C :Federal Insurance Co | 20281 |
| | INSURER D :American Zurich Insurance Co | 40142 |
| | INSURER E : | |
| | INSURER F : | |

## COVERAGES     CERTIFICATE NUMBER: 1057863040     REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| B | GENERAL LIABILITY<br>X COMMERCIAL GENERAL LIABILITY<br>CLAIMS-MADE X OCCUR | | | PHPK1358121 | 6/30/2015 | 6/30/2016 | EACH OCCURRENCE | $2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $1,000,000 |
| | | | | | | | MED EXP (Any one person) | $20,000 |
| | | | | | | | PERSONAL & ADV INJURY | $2,000,000 |
| | | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>POLICY X PRO-JECT X LOC | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | | | | $ |
| B | AUTOMOBILE LIABILITY<br>ANY AUTO<br>ALL OWNED AUTOS<br>SCHEDULED AUTOS<br>X HIRED AUTOS X NON-OWNED AUTOS | | | PHPK1358121 | 6/30/2015 | 6/30/2016 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| B | X UMBRELLA LIAB X OCCUR<br>EXCESS LIAB CLAIMS-MADE<br>DED X RETENTION $10,000 | | | PHUB505274 | 6/30/2015 | 6/30/2016 | EACH OCCURRENCE | $15,000,000 |
| | | | | | | | AGGREGATE | $15,000,000 |
| | | | | | | | | $ |
| D A | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? N N/A<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | | WC466477304<br>WC466477404 | 6/30/2015<br>6/30/2015 | 6/30/2016<br>6/30/2016 | X WC STATU-TORY LIMITS OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |
| C B B | Crime/Fidelity Bond<br>Professional Liability<br>Employment Practices Liab | | | 82119630<br>PHPK1358121<br>PHSD1055289 | 6/30/2015<br>6/30/2015<br>6/30/2015 | 6/30/2016<br>6/30/2016<br>6/30/2016 | Each Occurrence<br>$1,000,000/Claim<br>$1,000,000 | $1,000,000<br>$15,000 Deduct<br>$25,000 Retentn |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)
Proof of Insurance

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| SAMPLE<br>***<br>** ** ****** | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br>AUTHORIZED REPRESENTATIVE |

© 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 25 (2010/05)     The ACORD name and logo are registered marks of ACORD

State of Illinois
Illinois Department of Labor



# Day & Temporary Labor Services Agency Surety Bond

Illinois Department of Labor
Fair Labor Standards Division
Michael A. Bilandic Building
160 North LaSalle, Suite C-1300
Chicago, Illinois 60601-3150
  Tel # (312) 793-2800
  Fax# (312) 814-1210

**Office Use Only**

File #: _____
Verified By: _____
Date Received: _____

## Be It Hereby Known

BOND NO. 71632594

That <u>Personnel Staffing Group, LLC</u>
      (PRINCIPAL-NAME of sole owner, partners or corporation)

doing business under the NAME and STYLE of _____

Located at <u>666 Dundee Rd., Ste. 201</u> _____, in the

City of <u>Northbrook</u> _____ County of <u>Cook</u> _____

and State of Illinois, hereinafter referred to as principal, and _____

<u>WESTERN SURETY COMPANY</u> _____
      Bond Company

As sureties, are held and firmly bound unto the People of the State of Illinois, in the sum of FIVE THOUSAND DOLLARS, for the payment of which, well and truly to be made, we bind ourselves, our successors, heirs, executors and administrators, jointly and severally, firmly, by this instrument one year from _____ <u>December 31</u> _____, <u>2015</u>.

Whereas the above bound principal is desirous of being licensed by the Illinois Department of Labor to operate and maintain a Day or Temporary Labor Services Agency from the approval and issuance of the license dated contemporaneously with this instrument, it is a condition of this obligation that said principal shall act in accordance with the DAY AND TEMPORARY LABOR SERVICES ACT 820 ILCS 175/1 et seq. and the applicable Rules of the Illinois Department of Labor 56 ILL. ADMIN. CODE 260.100 et seq.

Now if the said principal shall faithfully observe all the duties, terms, conditions, provisions or requirements of the laws in relation to said day and temporary labor service agencies, then is obligation is to be void; otherwise it is to be in full force and effect.

If the surety herein shall so elect, this bond may be conditionally cancelled at any time by the surety herein filing with the Department of Labor of the State of Illinois and by certified mail to the above principal a sixty (60) day written notice of such conditional cancellation, but said surety so filing said notice shall not be discharged from any liability already accrued under this bond or which shall accrue there under before the expiration of said sixty (60) day period.

Witness our hands and Seals this ___<u>4th</u>___ day of ___<u>September</u>___, A.D. __<u>2015</u>__.

WESTERN SURETY COMPANY

_____
Signature of PRINCIPAL - Name of sole owner, partner or corporate officier

Paul T. Bruflat,
Vice President
    Signature Attorney-in-fact

Page 1 of 1

IL452DL07

# Western Surety Company

## POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS:**

That WESTERN SURETY COMPANY, a corporation organized and existing under the laws of the State of South Dakota, and authorized and licensed to do business in the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, and the United States of America, does hereby make, constitute and appoint

_____ Paul T. Bruflat _____ of _____ Sioux Falls _____,
State of _____ South Dakota _____, its regularly elected _____ Vice President _____
as Attorney-in-Fact, with full power and authority hereby conferred upon him to sign, execute, acknowledge and deliver for and on its behalf as Surety and as its act and deed, the following bond:

One DAY AND TEMPORARY LABOR SERVICES AGENCY _____

bond with bond number _____ 71632594 _____

for PERSONNEL STAFFING GROUP, LLC _____
as Principal in the penalty amount not to exceed: $5,000.00 _____.

Western Surety Company further certifies that the following is a true and exact copy of Section 7 of the by-laws of Western Surety Company duly adopted and now in force, to-wit:

Section 7. All bonds, policies, undertakings, Powers of Attorney, or other obligations of the corporation shall be executed in the corporate name of the Company by the President, Secretary, any Assistant Secretary, Treasurer, or any Vice President, or by such other officers as the Board of Directors may authorize. The President, any Vice President, Secretary, any Assistant Secretary, or the Treasurer may appoint Attorneys-in-Fact or agents who shall have authority to issue bonds, policies, or undertakings in the name of the Company. The corporate seal is not necessary for the validity of any bonds, policies, undertakings, Powers of Attorney or other obligations of the corporation. The signature of any such officer and the corporate seal may be printed by facsimile.

In Witness Whereof, the said WESTERN SURETY COMPANY has caused these presents to be executed by its _____ Vice President _____ with the corporate seal affixed this _____ 4th _____ day of _____ September _____, _____ 2015 _____.

ATTEST

———— L. Nelson, Assistant Secretary

Paul T. Bruflat, Vice President

STATE OF SOUTH DAKOTA } ss
COUNTY OF MINNEHAHA }

On this _____ 4th _____ day of _____ September _____, _____ 2015 _____, before me, a Notary Public, personally appeared _____ Paul T. Bruflat _____ and _____ L. Nelson _____
who, being me duly sworn, acknowledged that they signed the above Power of Attorney as _____ Vice President _____
and Assistant Secretary, respectively, of the said WESTERN SURETY COMPANY, and acknowledged said instrument to be the voluntary act and deed of said Corporation.

S. PETRIK
NOTARY PUBLIC
SOUTH DAKOTA

My Commission Expires August 11, 2016

Notary Public

Form F1975-1-2012

# EXHIBIT H

DECLARATION OF JOSE VICTOR LOPEZ

I, Jose Victor Lopez, under penalty of perjury, state based on personal knowledge that the following facts are true and correct:

1.      I am over the age of 21 years and currently reside in Illinois.

2.      I was employed with Personnel Staffing Group, LLC d/b/a MVP ("MVP") and W2 Enterprises, LLC ("W2") as a driver. As part of my duties, I also performed work for a related staffing agency called MVP Workforce, LLC ("Workforce"). I have been employed by MVP since 1996 to 2015.

3.      In about 2013, I was primarily assigned to work out of a MVP Dispatch Office located in Cicero, Illinois. Before that I worked at other offices in Elmwood Park and Franklin Park, Illinois.

4.      I and all of the other drivers employed by W2, MVP and Workforce were supervised by Esteban Ibarra, who I believe was employed by MVP.

5.      The van I drove was registered to and the insurance was in the name of W2.

6.      Initially, when I was hired by MVP, I was paid by W2, even though I was supervised by a MVP employee and worked for MVP and Workforce.

7.      Sometime in about 2014, I was told to fill out an application for MVP and I began to be paid by MVP, although my job duties and supervision did not change.

8.      While I was employed as a driver, I was regularly directed to pick up temporary laborers from the Workforce office and bring them and MVP laborers to a MVP or Workforce client company.

9.      There were times where I would be assigned to transport temporary laborers from Workforce's offices to a MVP client. For example, for several weeks I was assigned to drive

Workforce laborers to the MVP client company Visual Pak.

10.     I was often directed by Esteban or dispatchers from the MVP and Workforce offices to pick up laborers who had been sent to work at a client company but weren't used.

11.     I know from personal experience that there were a lot of times when MVP sent to many workers and a lot were sent home. I know that they did not get paid for this time because they would complain to me. This happened a lot at a company called ARI.

12.     On several occasions, I was directed to recruit temporary laborers for both MVP and Workforce clients. For example, in 2015, I was instructed to recruit temporary laborers for a company called Segerdahl, which I believe to be a Workforce client.

13.     Throughout my employment, about twice a year, there were meetings for all of the drivers from both MVP and Workforce together. The meetings were run by Esteban Ibarra and later also by Ron, last name unknown, a MVP manager. The purpose of the meeting was to instruct the drivers on the performance of their duties, including coordinating the recruitment and transportation of temporary laborers from both MVP and Workforce to the client companies of both MVP and Workforce.

14.     In or about May 2015, there was a meeting for both MVP and Workforce drivers at MVP's office in Elmwood Park office. We were told that the purpose of the meeting was to inform all of the drivers that MVP and Workforce were opening a new location in Franklin Park, Illinois. They told us that most of the accounts for MVP and Workforce were going to be run out of out of this office and that the drivers would be assigned to transport laborers to and from this office more frequently.

15.     I am not suffering any impediments and am competent to testify to the foregoing. Spanish is my primary language. This declaration was made with the assistance of a translator.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _Victor López_

Dated: _12-21-16_

# EXHIBIT I

## DECLARATION OF HILDA CALDERON

I, Hilda Calderon, under penalty of perjury, state based on personal knowledge that the following facts are true and correct:

1. I am over the age of 21 years and currently reside in Prospect Heights, Illinois.

2. I was employed with Personnel Staffing Group, LLC d/b/a MVP ("MVP") and MVP Workforce, LLC ("Workforce") from about 2005.

3. I began seeking work from MVP and Workforce's Prospect Heights Office located at 65 E Palatine Rd, #213, Prospect Heights, IL 60070 in or about 2005. The Prospect Heights Office is pictured in Exhibit A. On the sign at the entrance of the strip mall, it says MVP is in #213. However, on the door of #213, it says Workforce.

4. I have been assigned to work at different client companies from the Prospect Heights office, including Segerdahl, Penray and American Marketing Services. I usually receive different checks depending on where I am assigned to work, with some saying "MVP-Northbrook, IL" and others saying "Workforce LLC – Northbrook, IL" on top of them. *See*, for example, Exhibit B (showing checks for two weeks in October of 2013, one from MVP and the other from Workforce). In weeks that I worked over 40 hours on assignments made out of the same Prospect Heights Office, I was paid in two checks and did not receive overtime. See Exhibit B showing two checks from MVP and Workforce for the same two work weeks, each week showing a combined total of more than 40 hours, but with no overtime wages.

5. On a few occasions, I was assigned to work at Segerdahl but was sent home before working four (4) hours. I did not receive a minimum of four (4) hours of pay. See Exhibit C (a check stub showing one hour worked and paid in the workweek of 12/24/2012 – 12/30/2012).

6. I am not suffering any impediments and am competent to testify to all of the foregoing. Spanish is my primary language and this declaration was made with the help of a translator.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Hilda Calderón*

Print Name: _____

Dated: \ 21 17

# EXHIBIT A



201-221

301-321

101-123

| 101 | CCTV WORLD |
| 103 | APLUS BUILDING SERVICES |
| 105 | Repoint International, Inc. |
| 107 | |
| 109 | |
| 111 | NetBricks |
| 113 | |
| 115 | City Concepts |
| 117 | HOTEL STAFFING SOLUTIONS |
| 119 | USA Technical Search, Inc. |
| | Chicago X-Rays, Inc. |
| | Honor Gard |
| | Akyr Enterprises/Optic Sale |

| 211 | Buy Rite Souvenirs |
| 213 | Most Valuable Personnel<br>A Division of Personnel Staffing Group |
| 215 | Chunha International |
| 217 | Stitch By Stitch, Inc. |
| 219 | New Life Property Restoration, LLC |
| 221 | Windy City Lighting |
| 301 | M.A.P.S. / anime central |
| 303 | WOLFORD RETAIL BUILDERS, INC. |
| 305 | NEOX CCTV |
| 309 | |
| 311 | |
| 313 | ULTIMATE FIGHTING & FITNESS ACADEMY |
| 315 | |





# EXHIBIT B

MVP - NORTHBROOK, IL

CALDERON, HILDA

Period:10/21/2013 to 10/27/2013

CAL.894          Single 6          USIL   Check #:   11619178

11/1/2013

**11619178**

| | CUR---Hours---YTD | CUR---Pay---YTD | |
|---|---|---|---|
| Regular | 39.00    843.75 | 321.75    6,960.95 | |
| Overtime | 0.00    8.00 | 0.00    99.04 | |
| Doubletime | 0.00    0.00 | 0.00    0.00 | |
| Total Hourly | 39.00    851.75 | 321.75    7,059.99 | |
| Other Pay* | | 0.00    0.00 | |
| Gross Pay | | 321.75    7,059.99 | |
| Other Adds and Deds | | 0.00    184.60 | |
| Total Taxes | | (28.59)    (642.80) | |
| Net Pay | | 293.16    6,601.79 | |

| Tax Analysis | Current | YTD |
|---|---|---|
| Federal | 0.00 | 0.00 |
| State | (3.97) | (102.64) |
| CASDI/Local | $0.00 | $0.00 |
| Social Security | (19.95) | (437.72) |
| Medicare | (4.67) | (102.44) |
| **Total Taxes** | **(28.59)** | **(642.80)** |

**Other Pay, Additions and Deductions Analysis**

| | CUR | YTD | | CUR | YTD |
|---|---|---|---|---|---|
| | | | Replace Chk-Prior | | |
| | | | Total Adds and Deds | 0.00 | 184.60 |
| | | | | 0.00 | 184.60 |

Cust: PENRWF 39 Reg at 8.25

QueueID:

*Hilda Calderon*

**WORKFORCE LLC** - NORTHBROOK, IL
CALDERON, HILDA
Period:10/21/2013 to 10/27/2013

CAL894    Single 6    Check #:    128105    128105

11/1/2013



| | CUR—Hours—YTD | | CUR—Pay—YTD | |
|---|---|---|---|---|
| Regular | 8.00 | 296.00 | 66.00 | 2,446.00 |
| Overtime | 0.00 | 0.00 | 0.00 | 0.00 |
| Doubletime | 0.00 | 0.00 | 0.00 | 0.00 |
| Total Hourly | 8.00 | 296.00 | 66.00 | 2,446.00 |

| | | | CUR | YTD |
|---|---|---|---|---|
| Other Pay | | | 0.00 | |
| Total Adds | | | 0.00 | |
| Total Taxes | | | (5.05) | (222.41) |
| Net Pay | | | 60.95 | 2,223.59 |

**Tax Analysis**

| | Current | YTD |
|---|---|---|
| Federal | 0.00 | 0.00 |
| State | 0.00 | (35.27) |
| CASDI/Local | $0.00 | $0.00 |
| Social Security | (4.09) | (151.65) |
| Medicare | (0.96) | (35.49) |
| Total Taxes | (5.05) | (222.41) |

**Other Pay, Additions and Deductions Analysis**

| | CUR | | YTD | |
|---|---|---|---|---|

| | CUR | YTD |
|---|---|---|
| Total Adds and Deds | 0.00 | 0.00 |

Cust: AMERMK  8 Reg at 8.25

QueueID:

**NON-NEGOTIABLE**

MVP - NORTHBROOK, IL

CALDERON, HILDA

Period:10/28/2013 to 11/3/2013

CAL894     Single 6     USIL     Check #:     11633700

11/8/2013

16337 00

| CUR—Hours—YTD | | |
|---|---|---|
| Regular | 40.00 | 883.75 |
| Overtime | 0.00 | 8.00 |
| Doubletime | 0.00 | 0.00 |
| Total Hourly | 40.00 | 891.75 |

| CUR—Pay—YTD | | |
|---|---|---|
| | Current | YTD |
| | 330.00 | 7,290.95 |
| | 0.00 | 99.04 |
| | 0.00 | 0.00 |
| | 330.00 | 7,389.99 |
| Other Pay* | 0.00 | 0.00 |
| Gross Pay | 330.00 | 7,389.99 |
| Other Adds and Deds | 0.00 | 184.60 |
| Total Taxes | (29.63) | (672.43) |
| Net Pay | 300.37 | 6,902.16 |

**Tax Analysis**

| | Current | YTD |
|---|---|---|
| Federal | 0.00 | 0.00 |
| State | (4.38) | (107.02) |
| CASDI/Local | $0.00 | $0.00 |
| Social Security | (20.46) | (458.18) |
| Medicare | (4.79) | (107.23) |
| Total Taxes | (29.63) | (672.43) |

**Other Pay, Additions and Deductions Analysis**

| | CUR | YTD | | CUR | YTD |
|---|---|---|---|---|---|
| | | | Replace Chk-Prior | 0.00 | 184.60 |
| | | | Total Adds and Deds | 0.00 | 184.60 |

QueueID:

Clsr:PENRWF 40 Reg at 8.25

**WORKFORCE LLC** - NORTHBROOK, IL
CALDERON, HILDA

Period: 10/28/2013 to 11/3/2013

CAL894    Single 6    Check #:    128828

11/8/2013

128828

| CUR—Hours—YTD | | |
|---|---|---|
| Regular | 8.00 | 304.00 |
| Overtime | 0.00 | 0.00 |
| Doubletime | 0.00 | 0.00 |
| Total Hourly | 8.00 | 304.00 |

| CUR—Pay—YTD | | |
|---|---|---|
| | 66.00 | 2,512.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 66.00 | 2,512.00 |

Other A... Pay
Total Pay
Total Taxes
Net Pay

| | Current | YTD |
|---|---|---|
| **Tax Analysis** | | |
| Federal | 0.00 | 0.00 |
| State | 0.00 | (35.27) |
| CASDI/Local | $0.00 | $0.00 |
| Social Security | (4.09) | (155.74) |
| Medicare | (0.96) | (36.45) |
| **Total Taxes** | (5.05) | (227.46) |

Net Pay   60.95   2,284.54

**Other Pay, Additions and Deductions Analysis**

| | CUR | YTD | | CUR | YTD |
|---|---|---|---|---|---|
| Total Adds and Deds | | | | 0.00 | 0.00 |

Cust: AMERIAK  8 Reg at 8.25

QueueID:

NON-NEGOTIABLE

# EXHIBIT C

MVP - NORTHBROOK, IL

CALDERON, HILDA

Period:12/24/2012 to 12/30/2012

CAL894

Single 6

USIL   Check #:   11352760

1/4/2013

**11352760**

| CUR—Hours—YTD | | |
|---|---|---|
| Regular | 1.00 | 1.00 |
| Overtime | 0.00 | 0.00 |
| Doubletime | 0.00 | 0.00 |
| Total Hourly | 1.00 | 1.00 |

| | CUR—Pay—YTD | |
|---|---|---|
| | **Current** | **YTD** |
| | 8.25 | 8.25 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 8.25 | 8.25 |
| Other Pay* | 0.00 | 0.00 |
| Gross Pay | 8.25 | 8.25 |
| Other Adds and Deds | 0.00 | 0.00 |
| Total Taxes | (0.63) | (0.63) |
| Net Pay | 7.62 | 7.62 |

| Tax Analysis | | |
|---|---|---|
| Federal | 0.00 | 0.00 |
| State | 0.00 | 0.00 |
| Local | $0.00 | $0.00 |
| Social Security | (0.51) | (0.51) |
| Medicare | (0.12) | (0.12) |
| **Total Taxes** | **(0.63)** | **(0.63)** |

**Other Pay, Additions and Deductions Analysis**

| | CUR | YTD | | CUR | YTD |
|---|---|---|---|---|---|
| Total Adds and Deds | | | | 0.00 | 0.00 |

QueueID:

Cust: SEGCOR 1 Reg at 8.25

# EXHIBIT J

# Exhibit J to Third Amended Complaint
## Summary of Hours Worked in Excess of 40 by Defendants' Laborers for MVP and Workforce

| Employee Last Name | Employee First Name | Employee ID | Regular Hours | OT Hours | DT Hours | Check Date | Dispatch Office | Total Hours | Total OT Hours | OT Hours Paid | OT Hours Not Paid |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | PATRICIA | | 40.00 | 0.00 | 0.00 | 10/17/2014 | MVP-Cicero & EP** | 56.00 | 16.00 | 0.00 | 16.00 |
| | PATRICIA | | 16.00 | 0.00 | 0.00 | 10/17/2014 | WF-Cicero & PH*** | | | | |
| | CLAUDIA | | 37.50 | 0.00 | 0.00 | 9/19/2014 | MVP-Cicero & EP | 44.75 | 4.75 | 0.00 | 4.75 |
| | CLAUDIA | | 7.25 | 0.00 | 0.00 | 9/19/2014 | WF-Cicero & PH | | | | |
| | TANIA | | 32.00 | 0.00 | 0.00 | 9/26/2014 | MVP-Cicero & EP | 62.50 | 22.50 | 0.00 | 22.50 |
| | TANIA | | 30.50 | 0.00 | 0.00 | 9/26/2014 | WF-Cicero & PH | | | | |
| | BERNARDO | | 28.46 | 0.00 | 0.00 | 9/19/2014 | MVP-Cicero & EP | 44.46 | 4.46 | 0.00 | 4.46 |
| | BERNARDO | | 16.00 | 0.00 | 0.00 | 9/19/2014 | WF-Cicero & PH | | | | |
| | BERNARDO | | 34.58 | 0.00 | 0.00 | 9/26/2014 | MVP-Cicero & EP | 42.58 | 2.58 | 0.00 | 2.58 |
| | BERNARDO | | 8.00 | 0.00 | 0.00 | 9/26/2014 | WF-Cicero & PH | | | | |
| | BERNARDO | | 40.00 | 11.25 | 0.00 | 10/3/2014 | MVP-Cicero & EP | 59.25 | 19.25 | 11.25 | 8.00 |
| | BERNARDO | | 8.00 | 0.00 | 0.00 | 10/3/2014 | WF-Cicero & PH | | | | |
| | IVETTE | | 7.50 | 0.00 | 0.00 | 9/19/2014 | MVP-Cicero & EP | 40.25 | 0.25 | 0.00 | 0.25 |
| | IVETTE | | 32.75 | 0.00 | 0.00 | 9/19/2014 | WF-Cicero & PH | | | | |
| | EMILIA | | 32.00 | 0.00 | 0.00 | 10/24/2014 | MVP-Cicero & EP | 41.25 | 1.25 | 0.00 | 1.25 |
| | EMILIA | | 9.25 | 0.00 | 0.00 | 10/24/2014 | WF-Cicero & PH | | | | |
| | AGUSTINA | | 40.00 | 0.00 | 0.00 | 10/17/2014 | MVP-Cicero & EP | 48.00 | 8.00 | 0.00 | 8.00 |
| | AGUSTINA | | 8.00 | 0.00 | 0.00 | 10/17/2014 | WF-Cicero & PH | | | | |
| | FABIAN | | 40.00 | 0.00 | 0.00 | 10/4/2013 | MVP-Cicero & EP | 51.25 | 11.25 | 0.00 | 11.25 |
| | FABIAN | | 11.25 | 0.00 | 0.00 | 10/4/2013 | WF-Cicero & PH | | | | |
| | FABIAN | | 40.00 | 0.00 | 0.00 | 10/11/2013 | MVP-Cicero & EP | 48.75 | 8.75 | 0.00 | 8.75 |
| | FABIAN | | 8.75 | 0.00 | 0.00 | 10/11/2013 | WF-Cicero & PH | | | | |
| | JUAN | | 28.50 | 0.00 | 0.00 | 9/26/2014 | MVP-Cicero & EP | 67.50 | 27.50 | 0.00 | 27.50 |
| | JUAN | | 39.00 | 0.00 | 0.00 | 9/26/2014 | WF-Cicero & PH | | | | |
| | MARQUITA | | 8.00 | 0.00 | 0.00 | 10/10/2014 | MVP-Cicero & EP | 48.00 | 8.00 | 0.00 | 8.00 |
| | MARQUITA | | 40.00 | 0.00 | 0.00 | 10/10/2014 | WF-Cicero & PH | | | | |
| | APOLONIO | | 40.00 | 8.00 | 0.00 | 10/24/2014 | MVP-Cicero & EP | 56.00 | 16.00 | 8.00 | 8.00 |
| | APOLONIO | | 8.00 | 0.00 | 0.00 | 10/24/2014 | WF-Cicero & PH | | | | |
| | MARGARITA | | 8.00 | 0.00 | 0.00 | 10/11/2013 | MVP-Cicero & EP | 47.00 | 7.00 | 0.00 | 7.00 |
| | MARGARITA | | 39.00 | 0.00 | 0.00 | 10/11/2013 | WF-Cicero & PH | | | | |
| | MARTIN | | 15.00 | 0.00 | 0.00 | 10/10/2014 | MVP-Cicero & EP | 42.75 | 2.75 | 0.00 | 2.75 |
| | MARTIN | | 27.75 | 0.00 | 0.00 | 10/10/2014 | WF-Cicero & PH | | | | |
| | MARTIN | | 16.00 | 0.00 | 0.00 | 10/17/2014 | MVP-Cicero & EP | 44.00 | 4.00 | 0.00 | 4.00 |
| | MARTIN | | 28.00 | 0.00 | 0.00 | 10/17/2014 | WF-Cicero & PH | | | | |
| | ROSARIO | | 40.00 | 0.00 | 0.00 | 10/18/2013 | MVP-Cicero & EP | 45.50 | 5.50 | 0.00 | 5.50 |
| | ROSARIO | | 5.50 | 0.00 | 0.00 | 10/18/2013 | WF-Cicero & PH | | | | |
| | DONNIE | | 40.00 | 11.00 | 0.00 | 10/10/2014 | MVP-Cicero & EP | 55.00 | 15.00 | 11.00 | 4.00 |
| | DONNIE | | 4.00 | 0.00 | 0.00 | 10/10/2014 | WF-Cicero & PH | | | | |

# Exhibit J to Third Amended Complaint
## Summary of Hours Worked in Excess of 40 by Defendants' Laborers for MVP and Workforce

| Name | Hours | | Type | Date | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| LADISLAO | 8.00 | 0.00 | MVP-Cicero & EP | 9/19/2014 | 0.00 | | | | |
| LADISLAO | 40.00 | 0.00 | WF-Cicero & PH | 9/19/2014 | 0.00 | 55.00 | 15.00 | 7.00 | **8.00** |
| LADISLAO | 8.55 | 0.00 | MVP-Cicero & EP | 9/26/2014 | 0.00 | | | | |
| LADISLAO | 40.00 | 0.00 | WF-Cicero & PH | 9/26/2014 | 0.00 | 48.55 | 8.55 | 0.00 | **8.55** |
| LADISLAO | 8.50 | 0.00 | MVP-Cicero & EP | 10/24/2014 | 0.00 | | | | |
| LADISLAO | 40.00 | 0.00 | WF-Cicero & PH | 10/24/2014 | 0.00 | 48.50 | 8.50 | 0.00 | **8.50** |
| LADISLAO | 8.50 | 0.00 | MVP-Cicero & EP | 10/31/2014 | 0.00 | | | | |
| LADISLAO | 40.00 | 0.00 | WF-Cicero & PH | 10/31/2014 | 0.00 | 48.50 | 8.50 | 0.00 | **8.50** |
| DEONTA | 22.91 | 0.00 | MVP-Cicero & EP | 10/10/2014 | 0.00 | | | | |
| DEONTA | 34.77 | 0.00 | WF-Cicero & PH | 10/10/2014 | 0.00 | 57.68 | 17.68 | 0.00 | **17.68** |
| MAGDALENA | 40.00 | 0.00 | MVP-Cicero & EP | 10/11/2013 | 0.00 | | | | |
| MAGDALENA | 30.00 | 0.00 | WF-Cicero & PH | 10/11/2013 | 0.00 | 90.00 | 50.00 | 20.00 | **30.00** |
| SILVIA | 16.00 | 0.00 | MVP-Cicero & EP | 9/5/2014 | 0.00 | | | | |
| SILVIA | 39.75 | 0.00 | WF-Cicero & PH | 9/5/2014 | 0.00 | 55.75 | 15.75 | 0.00 | **15.75** |
| CARLOS RAMO | 40.00 | 0.00 | MVP-Cicero & EP | 9/19/2014 | 0.00 | | | | |
| CARLOS RAMO | 24.00 | 8.42 | WF-Cicero & PH | 9/19/2014 | 0.00 | 72.42 | 32.42 | 8.42 | **24.00** |
| MARICELA | 32.00 | 0.00 | MVP-Cicero & EP | 10/24/2014 | 0.00 | | | | |
| MARICELA | 9.25 | 0.00 | WF-Cicero & PH | 10/24/2014 | 0.00 | 41.25 | 1.25 | 0.00 | **1.25** |
| MACEO J | 9.75 | 0.00 | MVP-Cicero & EP | 9/19/2014 | 0.00 | | | | |
| MACEO J. | 31.50 | 0.00 | WF-Cicero & PH | 9/19/2014 | 0.00 | 41.25 | 1.25 | 0.00 | **1.25** |
| ARACELI | 40.00 | 0.00 | MVP-Cicero & EP | 10/11/2013 | 0.00 | | | | |
| ARACELI | 8.00 | 0.00 | WF-Cicero & PH | 10/11/2013 | 0.00 | 48.00 | 8.00 | 0.00 | **8.00** |
| MARIA | 24.00 | 0.00 | MVP-Cicero & EP | 9/26/2014 | 0.00 | | | | |
| MARIA | 40.00 | 0.00 | WF-Cicero & PH | 9/26/2014 | 0.00 | 64.00 | 24.00 | 0.00 | **24.00** |
| MARIO | 37.50 | 0.00 | MVP-Cicero & EP | 10/4/2013 | 0.00 | | | | |
| MARIO | 18.75 | 0.00 | WF-Cicero & PH | 10/4/2013 | 0.00 | 56.25 | 16.25 | 0.00 | **16.25** |
| MARIO | 40.00 | 5.00 | MVP-Cicero & EP | 10/11/2013 | 0.00 | | | | |
| MARIO | 9.25 | 0.00 | WF-Cicero & PH | 10/11/2013 | 0.00 | 54.25 | 14.25 | 5.00 | **9.25** |
| MARGARITA | 40.00 | 3.35 | MVP-Cicero & EP | 9/26/2014 | 0.00 | | | | |
| MARGARITA | 16.00 | 0.00 | WF-Cicero & PH | 9/26/2014 | 0.00 | 59.35 | 19.35 | 3.35 | **16.00** |
| MICAELA | 40.00 | 0.00 | MVP-Cicero & EP | 10/11/2013 | 0.00 | | | | |
| MICAELA | 8.00 | 0.00 | WF-Cicero & PH | 10/11/2013 | 0.00 | 48.00 | 8.00 | 0.00 | **8.00** |
| TOMAS | 39.00 | 0.00 | MVP-Cicero & EP | 9/19/2014 | 0.00 | | | | |
| TOMAS | 8.00 | 0.00 | WF-Cicero & PH | 9/19/2014 | 0.00 | 47.00 | 7.00 | 0.00 | **7.00** |
| HENRY | 8.00 | 0.00 | MVP-Cicero & EP | 10/4/2013 | 0.00 | | | | |
| HENRY | 40.00 | 0.00 | WF-Cicero & PH | 10/4/2013 | 0.00 | 48.00 | 8.00 | 0.00 | **8.00** |
| SHEILA E | 40.00 | 0.00 | MVP-Cicero & EP | 9/26/2014 | 0.00 | | | | |
| SHEILA E | 7.75 | 0.00 | WF-Cicero & PH | 9/26/2014 | 0.00 | 47.75 | 7.75 | 0.00 | **7.75** |
| CHRISTIAN | 19.43 | 0.00 | MVP-Cicero & EP | 9/26/2014 | 0.00 | | | | |
| CHRISTIAN | 40.00 | 0.00 | WF-Cicero & PH | 9/26/2014 | 0.00 | 59.43 | 19.43 | 0.00 | **19.43** |

## *Exhibit J to Third Amended Complaint*
### Summary of Hours Worked in Excess of 40 by Defendants' Laborers for MVP and Workforce

| Name | Hours | | Employer | Date | | Total | Hours >40 | Adj. | Total >40 |
|---|---|---|---|---|---|---|---|---|---|
| ROBERTO | 32.00 | 0.00 | MVP-Cicero & EP | 9/26/2014 | 0.00 | 62.75 | 22.75 | 0.00 | 22.75 |
| ROBERTO | 30.75 | 0.00 | WF-Cicero & PH | 9/26/2014 | 0.00 | | | | |
| SERGIO | 16.00 | 0.00 | MVP-Cicero & EP | 10/31/2014 | 0.00 | 68.42 | 28.42 | 12.42 | 16.00 |
| SERGIO | 40.00 | 12.42 | WF-Cicero & PH | 10/31/2014 | 0.00 | | | | |
| REBECA | 8.00 | 0.00 | MVP-Cicero & EP | 10/31/2014 | 0.00 | 47.00 | 7.00 | 0.00 | 7.00 |
| REBECA | 39.00 | 0.00 | WF-Cicero & PH | 10/31/2014 | 0.00 | | | | |
| MARIA | 8.00 | 0.00 | MVP-Cicero & EP | 9/5/2014 | 0.00 | 48.00 | 8.00 | 0.00 | 8.00 |
| MARIA | 40.00 | 0.00 | WF-Cicero & PH | 9/5/2014 | 0.00 | | | | |
| JIMMY | 7.50 | 0.00 | MVP-Cicero & EP | 9/19/2014 | 0.00 | 40.50 | 0.50 | 0.00 | 0.50 |
| JIMMY | 33.00 | 0.00 | WF-Cicero & PH | 9/19/2014 | 0.00 | | | | |
| MELISSA | 30.25 | 0.00 | MVP-Cicero & EP | 10/31/2014 | 0.00 | 44.25 | 4.25 | 0.00 | 4.25 |
| MELISSA | 14.00 | 0.00 | WF-Cicero & PH | 10/31/2014 | 0.00 | | | | |
| SANDRA | 37.50 | 0.00 | MVP-Cicero & EP | 10/10/2014 | 0.00 | 45.50 | 5.50 | 0.00 | 5.50 |
| SANDRA | 8.00 | 0.00 | WF-Cicero & PH | 10/10/2014 | 0.00 | | | | |
| DELIA | 8.00 | 0.00 | MVP-Cicero & EP | 9/5/2014 | 0.00 | 48.00 | 8.00 | 0.00 | 8.00 |
| DELIA | 40.00 | 0.00 | WF-Cicero & PH | 9/5/2014 | 0.00 | | | | |
| DELIA | 40.00 | 8.00 | MVP-Cicero & EP | 9/12/2014 | 0.00 | 56.00 | 16.00 | 8.00 | 8.00 |
| DELIA | 8.00 | 0.00 | WF-Cicero & PH | 9/12/2014 | 0.00 | | | | |
| PAULINA | 32.00 | 0.00 | MVP-Cicero & EP | 10/24/2014 | 0.00 | 41.25 | 1.25 | 0.00 | 1.25 |
| PAULINA | 9.25 | 0.00 | WF-Cicero & PH | 10/24/2014 | 0.00 | | | | |
| MARINA | 8.00 | 0.00 | MVP-Cicero & EP | 10/3/2014 | 0.00 | 48.00 | 8.00 | 0.00 | 8.00 |
| MARINA | 40.00 | 0.00 | WF-Cicero & PH | 10/3/2014 | 0.00 | | | | |
| MARINA | 8.00 | 0.00 | MVP-Cicero & EP | 10/17/2014 | 0.00 | 45.50 | 5.50 | 0.00 | 5.50 |
| MARINA | 37.50 | 0.00 | WF-Cicero & PH | 10/17/2014 | 0.00 | | | | |
| MARIBEL | 16.00 | 0.00 | MVP-Cicero & EP | 9/12/2014 | 0.00 | 42.75 | 2.75 | 0.00 | 2.75 |
| MARIBEL | 26.75 | 0.00 | WF-Cicero & PH | 9/12/2014 | 0.00 | | | | |
| DOLORES | 12.00 | 0.00 | MVP-Cicero & EP | 10/24/2014 | 0.00 | 48.00 | 8.00 | 0.00 | 8.00 |
| DOLORES | 36.00 | 0.00 | WF-Cicero & PH | 10/24/2014 | 0.00 | | | | |
| GEORGE | 24.00 | 0.00 | MVP-Cicero & EP | 10/10/2014 | 0.00 | 42.50 | 2.50 | 0.00 | 2.50 |
| GEORGE | 18.50 | 0.00 | WF-Cicero & PH | 10/10/2014 | 0.00 | | | | |
| FRANCISCO | 40.00 | 12.50 | MVP-Cicero & EP | 10/3/2014 | 0.00 | 68.00 | 28.00 | 12.50 | 15.50 |
| FRANCISCO | 15.50 | 0.00 | WF-Cicero & PH | 10/3/2014 | 0.00 | | | | |
| LAURA | 40.00 | 0.90 | MVP-Cicero & EP | 10/18/2013 | 0.00 | 48.90 | 8.90 | 0.90 | 8.00 |
| LAURA | 8.00 | 0.00 | WF-Cicero & PH | 10/18/2013 | 0.00 | | | | |
| EVELYN | 36.50 | 0.00 | MVP-Cicero & EP | 10/17/2014 | 0.00 | 44.50 | 4.50 | 0.00 | 4.50 |
| EVELYN | 8.00 | 0.00 | WF-Cicero & PH | 10/17/2014 | 0.00 | | | | |
| EVELYN | 40.00 | 0.00 | MVP-Cicero & EP | 10/24/2014 | 0.00 | 56.00 | 16.00 | 0.00 | 16.00 |
| EVELYN | 16.00 | 0.00 | WF-Cicero & PH | 10/24/2014 | 0.00 | | | | |
| EVELYN | 40.00 | 15.90 | MVP-Cicero & EP | 10/17/2014 | 0.00 | 63.90 | 23.90 | 15.90 | 8.00 |
| EVELYN | 8.00 | 0.00 | WF-Cicero & PH | 10/24/2014 | 0.00 | | | | |

## Exhibit J to Third Amended Complaint
### Summary of Hours Worked in Excess of 40 by Defendants' Laborers for MVP and Workforce

| Name | | | | Date | Category | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ADONIS | 40.00 | 1.25 | 0.00 | 10/10/2014 | MVP-Cicero & EP | | | | |
| ADONIS | 4.00 | 0.00 | 0.00 | 10/10/2014 | WF-Cicero & PH | 45.25 | 5.25 | 1.25 | 4.00 |
| JERMAINE | 10.00 | 0.00 | 0.00 | 10/17/2014 | MVP-Cicero & EP | | | | |
| JERMAINE | 31.50 | 0.00 | 0.00 | 10/17/2014 | WF-Cicero & PH | 41.50 | 1.50 | 0.00 | 1.50 |
| ISRAEL | 37.50 | 0.00 | 0.00 | 10/4/2013 | MVP-Cicero & EP | | | | |
| ISRAEL | 10.00 | 0.00 | 0.00 | 10/4/2013 | WF-Cicero & PH | 47.50 | 7.50 | 0.00 | 7.50 |
| TOTALS | 3055 | 125 | 0 | | | 3180 | 700 | 125 | 575 |

* Data produced in discovery by Defendants for months of 10/1/13 – 11/30/13 and 9/1/14 – 10/31/14 for Defendants' Cicero, Elmwood Park and Prospect Heights Dispatch Offices

** "MVP-Cicero & EP" refers to Defendants' nominal MVP Cicero and Elmwood Park Branch Offices

*** "WF-Cicero & PH" refers to Defendants' nominal Workforce Cicero and Prospect Heights Branch Offices

# EXHIBIT K

*Exhibit K to Third Amended Complaint*

**Source: IDOL website at www.illinois.gov/idol/Employers/Pages/ApprovedDTLSA.aspx (downloaded 11/13/2015)(with MVP and Workforce information excerpted)**

## IDOL 2015 Registered Day and Temporary Labor Agencies

This is the list of current and approved Day and Temporary Labor Agencies, under the Illinois Day and Temporary Labor Services Act, 820 ILCS 175.

| Company | DBA | Location Type | Address | City | State | ZIP Code |
|---|---|---|---|---|---|---|
| Mvp Workforce, LLC | Workforce LLC | Corporate | 666 Dundee Rd., Suite 201 | Northbrook | IL | 60062 |
| Mvp Workforce, LLC | Workforce LLC | Office/Branch | 5017 W. Cermak Road | Cicero | IL | 60804 |
| Mvp Workforce, LLC | Workforce LLC | Office/Branch | 65 E. Palatine Rd. #213 | Prospect Heights | IL | 60070 |
| Mvp Workforce, LLC | Workforce, LLC | Office/Branch | 500 N. Lake | Mundelein | IL | 60060 |
| Personnel Staffing Group, LLC | Most Valuable Personnel | Corporate | 666 Dundee Rd., Ste. 201 | Northbrook | IL | 60062 |
| Personnel Staffing Group, LLC | Most Valuable Personnel | Office/Branch | 226 S. Sheridan Rd. | Waukegan | IL | 60085 |
| Personnel Staffing Group, LLC | Most Valuable Personnel | Office/Branch | 2551 Division, Suite 106 | Joliet | IL | 60435 |
| Personnel Staffing Group, LLC | Most Valuable Personnel | Office/Branch | 5637 W. Roosevelt Rd. | Cicero | IL | 60804 |
| Personnel Staffing Group, LLC | Most Valuable Personnel | Office/Branch | 7999 W. Grand Ave. | Franklin Park | IL | 60131 |
| Personnel Staffing Group, LLC | Most Valuable Personnel | Office/Branch | 7514 B W. North Ave. | Elmwood Park | IL | 60707 |
| Personnel Staffing Group, LLC | Most Valuable Personnel | Office/Branch | 237 Cedar Lake Rd. | Round Lake | IL | 60073 |